## Citizens Passenger Ry. v. East Harrisburg Passenger Ry., Appellant.

*Appeals—Supersedeas—Railroads—Crossings.*

Where an appeal has been regularly taken from a decree of the court of common pleas, regulating the crossing of one railroad by another, without any special order of the lower court, and recognizance conditioned to prosecute the appeal with effect has been given by appellant, and approved by the court, the appeal operates as a supersedeas of all proceedings by the plaintiff company.

Argued March 31, 1894. Appeal, No. 17, May T., 1894, by defendant, from decree of C. P. Dauphin Co., No. 178, Equity Docket. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Motion for rule to show cause why appeal should not be declared supersedeas, and restraining order be issued.

From the record it appeared that on Aug. 28, 1893, plaintiff company filed a bill in equity praying the court for a decree to permit them to construct a crossing over the tracks of defendant company. After answer filed, and submission to a master, the court entered a decree permitting the crossing to be made. Defendant company took its appeal Feb. 24, 1894, entered into recognizance in the sum of $8,000, which was the amount fixed by the court, " conditioned to prosecute its appeal with effect,

and, if the decree be affirmed or the appeal be discontinued or nonprossed, to pay all debts, damages and costs adjudged accruing upon such appeal, and all other damages and costs that might be awarded upon such appeal," and a writ of certiorari was duly issued thereon from the Supreme Court.

On March 2, 1894, notice of the taking of that appeal and the entering of said recognizance was given in writing to plaintiff company.  On March 5, 1894, plaintiff company gave notice that it would on March 15, 1894, proceed to construct its crossing over the lines of tracks of defendant company on Front street, at Adams street, in the borough of Steelton, and, to prevent this, defendant company filed its petition for an order declaring the appeal in the case to be a supersedeas, and to restrain plaintiff company from proceeding to construct said crossing until defendant's appeal should be decided and the record remitted to the lower court.

*Lyman D. Gilbert* and *Louis M. Hall, John H. Weiss, F. Jordan* and *Wolfe & Bailey* with them, for appellant.—An appeal lies to this court from the decree of the court of common pleas of Dauphin county sitting in equity : Acts of June 16, 1836, P. L. 789 ; Feb. 14, 1857, P. L. 39 ; April 21, 1846, P. L. 432 ; Pittsburg & Connellsville R. R. v. South West P. Ry., 77 Pa. 173 ; Cornwall & Lebanon R. R., 125 Pa. 232 ; Perry Co. R. R. v. R. R., 150 Pa. 193 ; Pa. R. R. v. Braddock El. Ry., 152 Pa. 116.

The appeal taken is a supersedeas: New Brighton R. R. Co.'s Ap., 105 Pa. 13 ; Acts of March 29, 1832, P. L. 213 ; May 19, 1874, P. L. 207 ; March 17, 1845, P. L. 158.

Even if the appeal was not a supersedeas the special circumstances of this case justify the granting of the order prayed for by appellant: Acts of June 16, 1836, P. L. 787 ; May 14, 1889, P. L. 211 ; Perry Co. R. R. v. R. R., 150 Pa. 193 ; Pa. R. R. v. Braddock El. Ry., 152 Pa. 115.

*C. H. Bergner, J. C. Durbin* with him, for appellee, cited : Acts of June 19, 1871, P. L. 316 ; March 17, 1845, P. L. 160 ; April 21, 1846, P. L. 433 ; Feb. 14, 1857, P. L. 39 ; Barker v. Hartman Steel Co., 23 W. N. 109 ; Patterson v. Schoyer, 10 Watts, 333 ; Penna. R. R. v. Lutheran Congregation, 53 Pa. 449 ; Roddy's Ap., 99 Pa. 11.

PER CURIAM, April 9, 1894:

This appeal having been regularly taken by defendant company from the decree of the court below, without any special order of said court, and recognizance in the sum of $8,000, conditioned to prosecute said appeal with effect, etc., having been given by appellant and approved by said court, we are of opinion that said appeal operates as a supersedeas of all proceedings by plaintiff company under and by virtue of said decree.

It is therefore ordered and decreed that the stay of proceedings, heretofore ordered by this court, be and the same is hereby continued until the final determination of said appeal.