ERIC A. H. KRUSSMAN vs. MARY KRUSSMAN.

DIVORCE—DECREE NISI—SETTING ASIDE—CONDONING OFFENSE AFTER DECREE.

One having, after bringing action for divorce, and before entry of decree *nisi*, condoned his wife's adultery, and after such entry condoned it and renewed his marital relations with her, such decree will not be made absolute, but will be set aside.

(*December* 23, 1910.)

Judges BOYCE and HASTINGS sitting.

*Levin Irving Handy* for petitioner.

*Howell S. England* for plaintiff.

Superior Court, New Castle County, November Term, 1910.

ACTION FOR DIVORCE (No. 9, November Term, 1909). Decree *nisi*. Heard on defendant's petition to have the decree

*nisi* set aside, and the original petition for divorce dismissed. The decree *nisi* set aside, and petition dismissed.

The grounds set forth in the petition, and proved at the hearing, were that after the defendant was served personally, her husband came to her and told her that he was sorry for having brought any divorce proceedings against her; asked to be forgiven for his action in so doing; told her that the case would be abandoned; and resumed marital relations and cohabited with her and had sexual intercourse with her; that, therefore, thinking the case had been abandoned, she did not appear in court: that after the husband had obtained the decree *nisi*, unknown to her, he asked her to come back and live with him, and not to tell her brothers that he had ever applied for a divorce. He went up to her home where she was then living with her brothers and got her to return to Wilmington with him. She came back and lived with him for nearly a month, at the end of which time he took the two children, the custody of whom was awarded to him by the decree *nisi*, and ran away with them.

*Mr. Handy:*—The law is well settled that cohabitation after a decree *nisi* is passed is a bar to an absolute divorce.

*Mr. England:*—If your Honors please, my plaintiff is now outside the jurisidiction. As soon as my friend filed this affidavit I mailed my client a copy of it, and had a letter from him Friday, I think, of last week, stating that the facts set forth in this affidavit were not true. I think, therefore, that I ought to have an opportunity to present evidence in rebuttal to anything that might arise, or may be presented, so that my client can come here with his witnesses.

*Mr. Handy:*—I have no objection to that. I would not at all object if the court would hear the petitioner's witnesses now and fix some future date for hearing the plaintiff's testimony in rebuttal.

BOYCE, J.:—Mr. England, when do you expect to be ready?

*Mr. England:*—I cannot tell. I should think I ought to be ready within, say, a week. My client is not so far away that I could not have him here by that time.

Decree nisi set aside.

BOYCE, J.:—We will hear the petitioner's witnesses with the understanding that you raise no objection to it.

*Mr. England:*—Not at all, not if I can have my opportunity; that is all.

After hearing testimony in support of the petition the court said:

BOYCE, J.:—We think, Mr. England, that Saturday of this week is sufficient time for appearing and offering any evidence you may have to rebut this testimony, and we fix that time for such hearing. We will say now, that unless Mr. Krussman does appear and does satisfy the court upon this question, the court will at least refuse to grant a final decree in this case. We say this in order that you may notify him so that he will understand the importance of this matter.

The plaintiff Krussman not appearing at the date fixed by the court, his counsel being present and not offering any counter testimony, the following order was made:

"AND NOW TO WIT, this twenty-third day of December, A. D. 1910, it appearing to the court upon the petition and affidavit of Mary Krussman the defendant, and upon the hearing of witnesses that subsequent to the bringing of the said action and prior to the entry of the decree *nisi* on November twenty-sixth, A. D. 1909, the plaintiff condoned the said adultery, and it further appearing upon the said petition and the said hearing that subsequent to the entry of the said decree *nisi* the plaintiff condoned the said adultery and renewed his marital relations with the defendant, the court therefore refuses to make absolute the said decree *nisi*; and it is ordered, adjudged and decreed that the said decree *nisi* be set aside.

"WM. H. BOYCE, J.
DANIEL O. HASTINGS, J."