No. 11,258.

GITHENS v. GITHENS.

Decided October 5, 1925.

On application to vacate an order annulling a decree of divorce. Application denied.

*Affirmed.*

*On Application for Supersedeas.*

1. JUDGMENT—*Decree—Consent.* A party who procures or gives his consent to a decree is estopped to question its validity.

2. DIVORCE AND ALIMONY—*Decree—Annulment.* Courts have inherent jurisdiction at any time after a divorce decree is rendered, and where only the rights of the parties themselves are concerned, to set aside and annul the decree when the parties join in a written request therefor.

*Error to the County Court of Arapahoe County, Hon. George W. Dunn, Judge.*

Mr. B. O. WHEELER, Mr. IVAN A. ALLEN, for plaintiff in error.

Mr. S. HARRISON WHITE, Mr. JOHN L. GRIFFITH, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN an action for a divorce by Margaret J. Githens against her husband George W. Githens, the county court of Arapahoe county, in November 1909, awarded to her a decree dissolving the marriage relation. Thereafter, in January 1923, the parties appeared in person in the same court and joined in a written application, signed by them respectively, to have the same annulled so that their status, as married persons, shall remain as though the divorce had never been granted. They further set forth in the application that notwithstanding the decree of divorce, they have not recognized the same but have been for more than thirteen years, and ever since it was rendered, and still are living together as man and wife, and further ask that the divorce action be dismissed and neither party take any decree or judgment by reason of the same. The court granted the application and entered a decree of annulment, dismissed the action as prayed for, put its stamp of approval upon their reconciliation and judicially restored the parties to their former marital relation. More than two years thereafter the husband made an application to the court to vacate the annulling decree, which the wife resisted. Upon final hearing the trial court denied his motion and the plaintiff husband is here with this writ of error for review of its judgment.

In a recent case, *Hinderlider, et al. v. Town of Berthoud,* 77 Colo. 504, 238 Pac. 64, we reannounced the settled doctrine in this jurisdiction that a party who procures or gives his consent to a decree, even though it be void as beyond the power of the court to pronounce, is estopped to question its validity. But if it be assumed for our present purpose, but not so deciding, that the plaintiff in error may have his contentions determined by a writ of error, and that this writ of error lies, we think the decree of the county court was right and should be affirmed for the following additional reasons. The only objection urged by plaintiff in error to the judgment under review is that, since the county court is governed by section 81 of our Code of Civil Procedure it had thereunder no jurisdiction to re-open or vacate this decree unless the application therefor was made within the period of six months after the adjournment of the term, this application not having been made within the time. If the Code provision is applicable to divorce actions, we think the contention not tenable. At the common law, as adopted by us, courts of law and equity in England did not have jurisdiction in divorce cases. The ecclesiastical courts alone had such power. The doctrine there was that after a decree of divorce was rendered reconciliation and living together as husband and wife by the parties of itself nullified the divorce decree. In *Barerre v. Barerre,* 4 Johnson's Chancery, 187, Chancellor Kent in an able opinion refers to the practice in the ecclesiastical courts in England and other countries. The Barerre Case was one for separation from bed and board forever or for a limited time. The learned Chancellor decided that, inasmuch as opportunity should be left open for reconciliation, the proper course is to declare the separation perpetual with the power reserved to the parties to come together under sanction of the court whenever they should find it to be their mutual and voluntary disposition. It appears from the opinion in *Jones v. Jones,* (N. J. Ch.) 29 Atl. 502, that this decision of Chancellor Kent led to the enact-

ment of the New York statute in keeping with his suggestion and the decisions of New York, as of New Jersey, and generally in our states, now are that mere reconciliation of the parties does not annul the judgment of separation or divorce, but that a decree annulling the same may be entered upon the consent of the parties and when so rendered the marital rights of the parties are restored.

In *Clayton v. Clayton*, 59 N. J. Eq. 310, 44 Atl. 840, Chancellor Pitney decided, as stated in the syllabus: "Where a husband, pending suit for divorce against his wife on the ground of adultery, seeks the society of his wife, and asks and obtains his marital rights, the decree will be set aside on a bill of review filed by the wife as quickly as reasonable diligence under the circumstances requires, though the husband has in the meantime contracted another marriage." See also 19 C. J., p. 169, sec. 419.

In *Breinig v. Breinig*, 26 Pa. 161, the court, in a situation like that now before us, said: "The law favors the reconciliation of parties who are divorced a mensa et thoro. When both are willing to try over again the enjoyment of living together, the sentence will be suspended or annulled without hesitation."

We do not see why the rule does not apply even with greater force where there is an absolute divorce dissolving the marital relation. In *Krussman v. Krussman*, 25 Del. 25, 78 Atl. 642, where the husband had obtained a decree nisi, and thereafter condoned the adultery, the court refused to make absolute the decree. If that decision was right it logically follows that had an absolute or final decree been rendered, and it was afterwards judicially ascertained that the cause for the divorce was condoned and the marital relation resumed, the court would annul or set aside the absolute decree. The states of the Union generally encourage the permanency and continuity of the marital relation. They look with disfavor upon divorces. No decree of divorce is maintainable except upon one or more of the statutory grounds. In the case before

us the parties personally appeared in court and joined in the application to have the absolute decree of divorce theretofore entered set aside and held for naught. It was not against, but in consonance with, public policy to grant such relief. The parties in their written application expressly say that they had never recognized the decree of divorce but had been and were living together as husband and wife from the time of its rendition. No rights of third persons are involved. While we have no statute upon the subject, at least our attention is not called to any, the court had inherent jurisdiction at any time after the decree was rendered, and where only the rights of the parties themselves are concerned, to set aside and annul this decree of divorce when the parties, as here, joined in the written request therefor. Indeed, the acts and conduct of the parties according to their own statement in legal effect was a common law marriage entered into after the decree of divorce was granted. There is nothing in our laws to prevent divorced parties from being re-married. The annulment of this divorce decree is in legal effect merely legalizing and ratifying the acts of the parties themselves. Since they themselves asked for the annulment of the decree which restored the marital relation, which is favored by public policy, we are unable to discover any reason or rule of law which inhibits them from invoking the jurisdiction of the court that granted the divorce or that disables that court from granting them the relief prayed for.

Supersedeas denied and judgment affirmed.