Argued June 2; affirmed June 30, 1931.

# DEAN *v.* DEAN
# STATE EX REL. DEAN *v.* DEAN
### (300 P. 1027)

*S. J. Bischoff,* of Portland, for appellant.

*Elton Watkins,* of Portland (Johnston Wilson, of Portland, on the brief), for respondents.

RAND, J.  On December 20, 1926, a complaint for divorce, charging the defendant herein with cruel and inhuman treatment, was filed by plaintiff herein in the circuit court for Multnomah County and personal service of the summons and complaint was made on defendant.  Thereafter, and on the same day, both plaintiff and defendant appeared personally and by counsel and defendant, through his attorneys, stated in open court that he did not desire to plead to the complaint or to appear further in the suit, after which he was adjudged to be in default but the order adjudging him to be in default was not entered until the following day, when it was ordered *nunc pro tunc* as of the day preceding.  While the parties were so present in open court, plaintiff offered evidence in support of the allegations of the complaint and a decree was entered granting an absolute divorce to plaintiff and settling the property rights of the parties in accordance with an agreement previously entered into between them.  The decree set forth that the cause came on for trial; that defendant appeared by his attorneys, Coan and Rosenberg; that it appeared to the court that the parties to the suit had entered into a valid contract for the settlement of their property rights; that it was agreed that defendant would convey to

plaintiff free from all incumbrances a certain dwelling house and lot in the city of Portland and that he would pay her, as alimony for the support of herself and an unborn child, $200 per month so long as she remained single; that, in case of her remarriage, if the child was then alive, he would pay plaintiff such sum as would be reasonably necessary for the support, nurture and education of the child; and that, in consideration thereof, plaintiff would release her dower and claim of dower to all defendant's other real property. After setting forth the terms of said contract as above, and decreeing that each party should perform the terms thereof, the decree contained the following provision: "It is further ordered, adjudged and decreed that the above named defendant pay to this plaintiff the sum of $200 in cash on the signing of this decree as temporary alimony and support money and the further sum of $200 in cash upon the 15th day of January, 1927, and a like sum of money each and every month thereafter, provided, however, that in the event the plaintiff should remarry then and in that event all future payments of alimony, support money or maintenance directed to be paid under this decree by the defendant to the plaintiff shall immediately cease and determine." The *nunc pro tunc* order referred to, among other things, states: "that on the 20th day of December, 1926, after the service of summons and complaint upon the above named defendant the defendant appeared in person and by and through his attorney, Mr. Ralph Coan, and refused to plead to said complaint or otherwise appear in said cause, and was in all things in default therein."

After making the monthly payments awarded to plaintiff and acquiescing in the decree for more than

four years, defendant stopped paying plaintiff and on March 10, 1930, filed in said circuit court a motion to set aside and vacate all said decree except that part thereof granting a divorce to plaintiff and, upon the overruling of the motion, appealed therefrom. Plaintiff also, because of defendant's failure and refusal to continue to make further monthly payments, commenced proceedings in said court to have the defendant brought into court under process of contempt, and, after a hearing thereon, defendant was convicted of contempt and an order was entered directing him to pay said moneys into court or be imprisoned until compliance with the order. From this order defendant has also appealed. Both of said appeals were argued and submitted together and both of said matters will be so decided in this opinion.

Defendant's motion to vacate parts of the decree will first be considered. Defendant's contention is that, since there was no pleading filed in the divorce suit except the complaint itself and that since the complaint made no mention of any contract settling the property rights of the parties and contained only a special prayer for divorce and a general prayer for such other and further relief as the court should deem just and equitable in the premises, the court had no authority to incorporate into the decree the terms of the contract, or to require the defendant to comply with such terms and, hence, that that part of the decree objected to is a mere nullity.

██ It is a well-settled principle of law that a decree or judgment on a matter outside the issue raised by the pleadings is a nullity and is nowhere entitled to the least respect as a judicial sentence: *Jones v. Daven-*

*port,* 45 N. J. Eq. 77 (17 Atl. 570), and authorities there cited. This rule, however, in the case of a consent decree is controlled by section 2-1201, Oregon Code 1930, which provides that:

"On the confession of the defendant, with the assent of the plaintiff or his attorney, judgment may be given against the defendant in any action, before or after answer, for any amount or relief not exceeding or different from that demanded in the complaint."

The provisions of this section are extended to suits in equity by section 6-209, Oregon Code 1930.

██ That this was a consent decree is apparent from a mere inspection of the decree and the order of default. They show that the defendant was personally present in court in the afternoon of the day when the decree was rendered and, if not present at the time of its entry, he was represented by attorneys who were present and consented to its entry. A consent decree is as much a final decree and as conclusive upon the parties as a decree rendered after a trial on the merits: *Crow v. Crow,* 70 Or. 534 (139 P. 854), and authorities there cited. Hence, we have a decree entered by consent and one of the consenting parties, long after its rendition, objecting to its validity upon the ground that it contained provisions in respect to matters not pleaded in the complaint. The law on this question was discussed by Mr. Justice WOLVERTON in *Schmidt v. Oregon Gold Mining Co.,* 28 Or. 9 (40 P. 406, 1014, 52 Am. St. Rep. 759), and we shall not attempt to restate what was there said further than to quote the following excerpts therefrom:

"A judgment or decree entered upon the pleadings or after contest must fall within the issues raised by the pleadings, but a consent decree will be valid and binding upon the parties if its provisions fall within

the general scope of the case made by the pleadings. This distinction is clear and incisive, and, it will be seen by the foregoing authorities, is recognized both by the text writers and the courts.''

Again, he said:

''* * * But a consent decree is not in a strict legal sense a 'judicial sentence.' 'It is,' says Mr. Gibson in his excellent treatise entitled Suits in Chancery, § 558, 'in the nature of a solemn contract, and is, in effect, an admission by the parties that the decree is a just determination of their rights upon the real facts of the case, had such been proved. As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error. The one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent.' Mr. Beach, in his Modern Equity Practice, § 792, says: 'Parties to a suit have the right to agree to anything they please in reference to the subject-matter of their litigation, and the court, when applied to, will ordinarily give effect to their agreement, if it comes within the general scope of the case made by the pleadings.' ''

We might well decide the point upon the proposition decided in that case that: ''The one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent.'' But we prefer to put our decision on the broad principle that:

''A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction either of the subject matter of the action or of the

parties, is not important in such cases. Parties are barred from such conduct not because the judgment is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated": *Bledsoe v. Seaman,* 77 Kan. 679, 95 P. 576, quoted in 3 Freeman on Judgments (5th Ed.), p. 2963.

■ It appears from the record that, for more than four years, defendant acquiesced in this consent decree. The plaintiff in the suit has not remarried and the child referred to in the decree is alive. Under a valid, executed contract, entered into between plaintiff and defendant prior to the decree, the terms of which were incorporated in the decree, the plaintiff has released her rights and interests in defendant's property in consideration of which another property was conveyed to her and, if this motion could be sustained, her right and title to such property would become questionable. Defendant, having obtained a release from plaintiff of any claim upon her part to the property owned by him, has obtained the fruits of his contract and of the decree and, for that reason, he is estopped to deny the validity of either. Upon this ground, we hold that the motion to vacate a part of the decree objected to was properly overruled and denied.

■ Upon the appeal from the judgment of conviction for contempt in failing to make certain of the payments awarded to plaintiff, the only ground urged for its reversal is that the unpaid sums are a mere debt for which defendant cannot be imprisoned for failing to pay because such imprisonment would be in violation of article I, section 19, of the constitution which provides: "There shall be no imprisonment for debt except in case of fraud or absconding debtors." This constitutional provision has no application to the payment of alimony: *State v. Hewson,* 129 Or. 612 (277

P. 1012), and authorities there cited. The only question raised upon this second appeal is the question of whether the court had jurisdiction to enforce payment of the sums awarded by the decree by an order committing the defendant to prison for contempt of court. The decree is for alimony only and does not constitute a debt within the meaning of that term in the constitutional prohibition of imprisonment for debt.

Both orders, therefore, must be affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.