*1163 OPINION.
Hill:
This case was submitted upon testimony, exhibits, and a written deposition offered at the hearing. Eespondent moved to strike a portion of the deposition relating to the divorce proceedings. We reserved decision on this motion. We hereby deny the motion and have admitted testimony material to the issues as reflected in our findings of fact.
The first issue is whether or not petitioner was entitled to report income and deductions in the taxable year on the community property basis. Petitioner contends that the decree of the Superior Court dated April 14, 1938, vacating its former decrees of interlocutory and absolute divorce, had the effect of eradicating completely the divorce decrees so that during the year 1937 petitioner was married and entitled to file on the community property basis. He maintains that full credit must be given to the later decree and contends that the decree rendered void the property settlement entered into by petitioner and his wife in contemplation of divorce. Eespondent argues that we are bound to recognize the divorce decrees and ignore the vacating decree. He contends that the Court was without jurisdiction to set aside its former decrees. He argues further that, even if we should find that the vacating decree was valid, it could have no effect on petitioner’s tax status in 1937, since the decree should not be retroactively applied in a manner detrimental to the rights of the Federal Government. By amended answer respondent set up the further defense of estoppel.
*1164 The interlocutory and final decrees of divorce entered April 9 and October 16, 1935, respectively, in the case of petitioner as plaintiff and his wife as defendant were valid and effective decrees of a court of competent jurisdiction. The parties hereto so concede. By virtue of those decrees petitioner became an unmarried person on October 16, 1935, and continued as such throughout the taxable year 1937. By virtue of the agreement between petitioner and his wife in settlement of their property rights and the approval thereof by the court in the interlocutory and. final decrees of divorce all of their property, except certain household furniture, became the separate property of petitioner. Such agreement and decrees disposed of all community interest in the property and there was no property owned in common or jointly by petitioner and his former wife after the date of the final decree of divorce and prior to the end of the taxable year. All income which came to petitioner during the taxable year 1937 from investments, business transactions, salary, or any other source was his separate property when received and unquestionably continued as such until the court entered its decree on April 14, 1938, vacating the final decree of divorce and all other proceedings in the divorce action. Prior to the entry of the vacating decree the (Federal) income tax act of 1936 imposed a normal tax and surtax on such income as the separate property of petitioner and created an obligation on him to pay the same on such amount as should be ascertained by computation in accordance with the provisions of the taxing act. The tax was due March 15, 1938, but petitioner secured an extension of time ' in which to report his income and pay the tax. The return of his income for the taxable year 1937 was filed June 15, 1938—subsequent to the entry of the vacating decree.
Respondent contends that the vacating decree was void for want of jurisdiction of the court to enter it and cites Washington statutes and decisions of the Supreme Court of that state which he claims support his contention. The statutes and cases cited do not, in our opinion, negative the jurisdiction of the court to vacate the decree of divorce on such state of facts as it acted upon in the proceeding between petitioner and his former spouse. We recognize, therefore, the validity of the vacating decree as between petitioner and Felita M. West. . It was effective as between them to the full extent of its provisions and as between them it expunged entirely the divorce proceedings and property settlement. It did not and could not affect the Government’s right to the tax imposed by Federal statute on the income in question as the separate property of petitioner. This tax was imposed and the right of the Government thereto was vested on the basis of the ownership of such income in the taxable year and prior to the entry' of the ’ vacating decree. The separate ownership of such income by petitioner at the time of the vesting of the Government’s right to tax it as such *1165 resulted directly from the property settlement between petitioner and his wife and the interlocutory and final decrees of divorce entered by the court in 1935. The validity and effectiveness of the decrees to that end are conceded by the parties hereto.
The petitioner contends that the effect of the vacating decree entered April 14, 1938, was to wipe out completely all prior proceedings and decrees in the divorce action between petitioner and Felita M. West and to effectuate retroactively the uninterrupted marital and property status that would have obtained had the divorce proceedings not been instituted; also, that the vacating decree retroactively annulled the right of the Government to tax as the separate property of petitioner the income which he received as such in the taxable year.
A number of cases are cited and relied upon by petitioner in support of such contention, but in none of the cases cited is it held that the intervening rights of a third party in respect to the subject matter of a valid decree can be adversely affected by its vacation. On the other hand many of the cases cited specifically state that such right can not be so affected.
Among the cases cited by petitioner in support of his contention are Githings v. Githings (Colo.), 239 Pac. 1023, and Dane v. Daniels, 28 Wash. 155; 68 Pac. 446. In the Githings case the court vacated a decree of divorce after a lapse of 14 years from the date of such decree on the joint request of both parties to the divorce action. In that case the court said:
No rights of third parties are involved. While we have no statute upon the subject—at least our attention is not called to any—the court had inherent jurisdiction at any time after the decree was rendered, and where only the rights of the parties themselves are concerned, to set aside and annul this decree of divorce, when the parties as here, joined in the written request therefor.
The case of Dane v. Daniels involved the validity of a vacating decree. The decree vacated in that case was a void decree for want of jurisdiction over the community because of lack of service on one of the spouses. The proceeding to vacate the decree in that case was an adverse proceeding. In support of its action in entering the vacating decree the court said in part:
It is not shown that any one has obtained rights or interests by reason of any act or neglect on her (plaintiff’s) part, but the subject-matter in litigation is in the same condition with respect to all parties before the court as it was when she commenced this action. * * *
It is our opinion that respondent properly determined that for purposes of the Federal income tax for the taxable year 1931 the income involved herein was the separate property of petitioner. We so hold.
The second issue is whether or not respondent erred in .denying petitioner’s claimed deduction for a loss on drums purchased for resale but abandoned in the taxable year as unfit for sale. The amount of the *1166 claimed loss for which petitioner took a deduction was $1,018. We have found that he sustained a loss in the taxable year in respect of such drums in the amount of $620. It follows that petitioner is entitled to a deduction for such loss in that amount and that respondent is sustained in disallowing the deduction for the remainder of the claimed loss.
The final question is whether or not petitioner is entitled to a deduction from gross, income of the taxable year for expenditures for legal fees and accounting services. Petitioner has not shown that these items were ordinary and necessary expenses paid or incurred in carrying on a trade or business. The proof, in fact, indicates that the expenditures were personal in nature and hence denied deductibility by section 24 (a) (1) of the Revenue Act of 1936.
Reviewed by the Board.

Dedsion will be entered winder Ride BO.