## Commonwealth v. Highland

*Leon Sobel*, for plaintiff.

*Mervin J. Brenner*, for respondent.

BONNIWELL, J., January 9, 1946.—This is a petition by David Highland for a rule upon Alice Highland to show cause why an order of support should not be vacated and the arrearages thereon remitted.

By a valid executed agreement entered into between the parties on May 10, 1944, respondent consented that an order of $21 per week be made for the support of the relatrix. The order was entered by the court on May 11, 1944.

Respondent now seeks to vacate the order and contends the court was without jurisdiction to enter it on the agreement, as there was no record or evidence of a marriage between the parties.

At the hearing on November 29, 1945, evidence was adduced that, on January 26, 1931, the parties were divorced by decree of Court of Common Pleas No. 1, as of March term, 1930, no. 1019.

The parties are of Catholic faith and, under the laws of the Catholic church, relatrix did not consider the divorce as a severance of their marriage relation.

In 1933, the parties agreed to resume their former marital relation. Respondent testified (p. 4) :

"After my divorce I went back two years later to live with my wife. At that time I had two children, and my son was ill, and so I went with her, the missus

and I met a couple of different times, I went back to maintain a home with the two children."

Thereafter, until April 1944, they lived together in the same dwelling, in the acknowledged relation of husband and wife with and among their children, relatives and acquaintances. Their cohabitation was matrimonial, not illicit. This was their unquestioned reputation.

Words are not the exclusive means of expressing the intention of the parties, and the resumption of cohabitation as man and wife, in good faith, revealed a mutual intention and consent to resume their former marriage relation: Wandall's Estate, 29 Dist. R. 1132; Fougeray's Estate, 25 Dist. R. 1039; Commonwealth v. Fick, 27 Berks 69; Commonwealth v. Serges, 22 Luz. 353.

Respondent recognized relatrix as his wife in the agreement of May 10, 1944, and consented to the entry of the support order.

The court's order of May 11, 1944, was a "consent decree", of the same binding force and effect as if entered after a hearing, in open court, upon the merits. It adjudicated what the parties themselves agreed upon as the facts in the case—that the relation of husband and wife existed between them.

A consent decree is an agreement of the parties under the sanction of the court as to what the decision shall be: 30 C. J. S. 1126.

It "is as much a final decree and as conclusive upon the parties as a decree rendered after trial on the merits. . . . 'It is . . . in the nature of a solemn contract, and is in effect an admission by the parties that the decree is a just determination of their rights upon the real facts of the case, had such been proved. As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or re-

viewed upon a writ of error. The one only way in which it can be attacked or impeached, is by an original bill alleging fraud in securing the consent.' . . . 'A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction either of the subject matter of the action or of the parties, is not important in such cases. Parties are barred from such conduct not because the judgment is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated' ": Dean v. Dean, 136 Ore. 694, 300 Pac. 1027, 86 A. L. R. 79, 83.

The petition of respondent to vacate the order of support of May 11, 1944, and to remit the arrearages thereon, is dismissed.