**J. H. BONIFIELD, Plaintiff in Error,**

**v.**

**I. R. BAKER and Mrs. I. R. Baker, Defendants in Error.**

**No. 38483.**

Supreme Court of Oklahoma.

Jan. 12, 1960.

Charles M. Wilson, Sayre, and Clayton Carder, Hobart, for plaintiff in error.

Wise & Ivester, Sayre, for defendants in error.

BLACKBIRD, Justice.

Plaintiff in error, on January 17, 1958, obtained an assignment from one Bud Lewis of Lewis' rights under a certain written agreement Lewis made with the defendant in error, I. R. Baker, on September 22, 1928. Later that month, he commenced this action, as plaintiff, against defendants in error, as defendants, to enforce those rights. The lower court sustained a demurrer to his petition as amended, and, when he elected to stand on the pleadings, entered judgment dismissing the action. Plaintiff has perfected the present appeal from said judgment. Our continued reference to the parties will be by their designations in the lower court.

The body of the agreement, as attached to and made a part of the plaintiff's petition, except for the paragraph numbers we have added and our emphasis of the particular paragraph he sought, by this action, to enforce, is in words and figures as follows:

"1. This agreement made and entered into on this the 22nd day of September, 1928, by and between Bud Lewis, party of the first part, and I. R. Baker, party of the second part.

"2. Whereas, the said party of the first part has this day sold and executed deed to the second party the following described lands, to-wit:

"The Northeast quarter of the Northeast quarter of Section 25, in township 8 North, of Range 26 West I. M., The West half of the southwest quarter (or lots 3 & 4) of section 19; the Northwest quarter of the Northwest quarter (or lots 1) and our undivided one eighth (⅛) interest in the Northeast quarter of the Northwest quarter of section 30, in township 8 North, of Range 25 West of the Indian Meridian.

for the sum of Seven Thousand Dollars payable as follows; One thousand dollars cash in hand, the receipt of which is acknowledged; one thousand dollars to be paid on or before the 1st day of January, 1929, and five thousand dollars, secured by mortgage and payable as follows: One thousand dollars payable on the 1st day of Dec. 1929, one thousand dollars payable Dec. 1, 1930; one thousand dollars payable Dec. 1st, 1933, all deferred payments to draw interest at 8% per annum, payable annually.

"3. The party of the first part agrees to place deed to said premises warranting same free and clear and the second party agrees to place mortgage for the last above mentioned five thousand dollars due in the First National Bank of Sayre, Oklahoma, with instructions to said bank to deliver the deed to second party and the mortgage to first party when the second party pays the one thousand dollar payment that is due on or before January 1st, 1929.

"4. *It is understood that the second party agrees to execute and deliver to first party a mineral grant to one half of the mineral and oil rights on an eighty acres of the land, said eighty acre tract to be designated by the first party.*" (Emphasis ours.)

Among other allegations unnecessary to mention, plaintiff's petition alleged that the warranty deed mentioned in paragraph 2, above, " * * * was placed in escrow and * * * thereafter said deed was delivered to * * * defendant." Plaintiff further alleged that on January 17, 1958, he, through his attorney, wrote the defendant, I. R. Baker, a letter designating a certain 80-acre portion of the above described land, and requesting that said defendant execute to him " * * * a proper mineral conveyance of an undivided ½ interest in and to said 80-acre tract." Plaintiff further alleged:

"That such letter operated as a performance of the condition precedent on the plaintiff's part and a demand for a conveyance to plaintiff of the undivided one half mineral interest in said 80 acres as was provided by the aforesaid contract which was assigned to plaintiff, but the defendants then and ever since have refused to execute and deliver to plaintiff said conveyance."

In an amendment to his petition, plaintiff further alleged:

"3–A. That at all times since the execution and delivery of the warranty deed referred to in paragraph Number 2, a constructive or equitable trust was created of the undivided forty acres of minerals which was held by the defendant, I. R. Baker, in trust for the said Bud Lewis and his assigns, which said trust was not repudiated by the said defendant until he refused to execute a proper mineral grant of said undivided forty acre interest to said Bud Lewis or his assigns, which did not occur until within the last year; pleading further and in the alternative plaintiff alleges that at all times since the execution and delivery of the deed referred to in paragraph number 2, the defendant, I. R. Baker, and the said Bud Lewis or his

assigns were co-tenants in the ownership of the minerals in and under said property, to the extent that the said Bud Lewis or his assigns were the owners in co-tenancy of an undivided forty acres of the minerals and the said defendant, I. R. Baker, the owner of the balance of the undivided mineral interest in said property, with the right of the said Bud Lewis or his assigns to specifically designate a tract of eighty acres thereof out of which he would be entitled to receive a mineral grant to an undivided one-half interest therein, and that such co-tenancy still exists."

The demurrer that defendant filed to plaintiff's petition was both general, in asserting its failure to state a cause of action, and special, in asserting that the action was barred because not commenced within 5 years from the time the alleged cause of action accrued. The order sustaining the demurrer is a general one and thus does not reveal the basis of said ruling; but, since the only issue argued in this appeal is whether or not the 5-year limitation period was a bar to the action, we will consider it as undisputed that the demurrer was sustained on the ground that the action was thusly barred.

As we understand plaintiff's argument for reversal, he contends, first, that after Bud Lewis' deed to his interest in the 200 acres of land described in the above quoted agreement, was delivered to Baker, a "constructive or equitable" trust in the undivided 40-acre mineral interest, referred to in said agreement's paragraph 4, was created in Lewis' favor; and that no period of limitations could have begun against a cause of action for the enforcement of said trust until Baker, the trustee, repudiated it, which repudiation did not occur until Baker refused plaintiff's request to execute and deliver him the mineral deed he requested, as aforesaid. Plaintiff also contends that, if any period of limitation is applicable, it is the 15-year period, but that, applying this period, along with the "presumed demand" rule stated in 34 Am.Jur., "Limitation of Actions", sec. 119, Lewis, and plaintiff as his

successor, would have had 15 years from the date of the agreement, or until September 22, 1943, before the proper limitation period for demanding the mineral deed from Baker, would have expired; and then, after refusal of the demand by Baker, plaintiff had another 15 years within which to bring the present action. Plaintiff argues that, assuming Baker had refused the demand on the same date it might be presumed (under the cited rule) to have been made (September 22, 1943), he could have waited until September 22, 1958, to commence this action, instead of commencing it in January of that year.

Defendants contend that there was no trust relationship created by the quoted agreement, and that the only relationship existing between the parties named therein is that of vendor and purchaser; and that the 80-acre mineral conveyance provided for in the agreement was a part of the purchase price of the larger 200-acre parcel of realty involved in the action. Defendants further contend that, since the agreement is silent as to the time when Baker was to reconvey the mineral interest to Lewis, the occurrence of that event is governed by Tit. 15 O.S.1951 § 173, which reads as follows:

"If no time is specified for the performance of an act required to be performed a reasonable time is allowed. If the act is in its nature capable of being done instantly, as for example, if it consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained."

Defendants say that a selection, or designation, by Lewis of the particular 80 acres of land out of which, under the agreement, Baker was to convey him the one-half interest in the minerals, was an act which, under the quoted statute, was one " * * * in its nature * * * capable of being done instantly * * * ". Defendants concede: "Lewis might not have been required to make the designation until all of the other terms of the contract had been completed * * * ", but they say that when Baker paid

the second installment on the purchase price of the 200 acres, on January 1, 1929, then the rights of the parties to the contract became fixed, the legal title to the land became irrevocably vested in Baker, and the designation by Lewis of the particular 80 acres, out of which Baker was to reconvey the mineral interest to Lewis, could then have been made. Their conclusion, based upon this premise, seems to be that a cause of action for the enforcement of paragraph 4 of the quoted agreement accrued, and the 5-year period of limitations began to run, on January 1, 1929. Defendants also advance the alternate argument that if Lewis was not required to designate the particular 80 acres in which Baker was to convey him the mineral interest *immediately* upon the making of the $1,000 payment on January 1, 1929, he was required to make the designation within a reasonable time thereafter. Using the 5-year period of limitation as a criterion of the "reasonable time", within which they say Lewis should have made the 80-acre designation, and the same period thereafter for commencement of an action, like the present one, to compel them to convey to him the one-half mineral interest under the said 80 acres, defendants argue that under this most liberal interpretation, such action was barred after January 1, 1939.

Both parties cite this court's opinion in Kee v. Satterfield, 46 Okl. 660, 149 P. 243, as supporting their respective theories. Plaintiff says it supports his contention that no period of limitation began to run against this action, until he demanded that defendants discharge their obligation under the contract's paragraph 4, to convey him the mineral interest. Defendants quote a portion of said opinion, which they say supports their contention that, under the contract, the relationship between Lewis and Baker was merely that of vendor and vendee, rather than cestui que trust and trustee. We do not think the opinion in the Kee case supports en toto the respective positions of either of the adversaries in this case. It does show, however, that where, according to a contract, one of the contracting parties is to discharge certain obligations (in that

case, the platting of a tract into town lots) before conveying to the other party, he cannot claim that the statute *began to run against the latter's right* to the conveyance, *before he has discharged his own contract obligations*. In the present case, the primary task, before attempting to reach any conclusion as to when the right of Lewis, or his successors, to the mineral conveyance from Baker was barred by any period of limitation, is to determine when that period commenced. To do this, it must be determined when the right of Lewis, or his successor, to demand such conveyance, first accrued under the contract. Was it when Baker was delivered Lewis' deed to all of Lewis' interest in the entire 200 acres (the County Clerk's filing mark on the Lewis-Baker deed indicates this occurred on or before May 7, 1929); or was it not until after Baker's mortgage indebtedness to Lewis was paid, and Lewis' mortgage released (which the contract indicates was to be done in 1933)? Plaintiff's petition, as amended, does not allege any facts, or conclusions, with reference to when Lewis first had the right to demand the mineral conveyance from Baker. Defendants concede that this right did not come into being immediately upon the execution of the contract, at which time the "constructive or equitable trust", spoken of in the petition's amendment, would have had no interest in any specific part of the 200 acres to operate upon. We think the foregoing sufficient to demonstrate that, if all of the allegations of plaintiff's petition, as amended, are considered as true, there are not sufficient facts alleged therein to show when (before 1958) any period of limitations may have started to run. Accordingly, this pleading cannot be said to show on its face, as alleged in defendants' demurrer, that the action is barred by limitation. It therefore follows that the district court erred in sustaining the demurrer on that ground. In this decision, we follow the precedent of Boose v. Hanlin, Okl., 346 P.2d 932 and Hildebrand v. Harrison, Okl., 325 P.2d 1071, 1074, in expressing no opinion as to the merits of the demurrer on any other ground.

The judgment of the trial court is reversed, and the cause is remanded to said court with instructions to set said judgment aside, and proceed in a manner not inconsistent with the views herein expressed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

BERRY, J., dissents.