[No. 37009. Department One. February 27, 1964.]

ZELDA M. SVATONSKY, *Appellant*, v. JOSEPH V. SVATONSKY *et al.*, *Respondents.**

*Whitmore, Vinton, Powers & Manion*, for appellant.

*Horrigan, Sullivan & McKinlay*, for respondent Joseph V. Svatonsky.

HUNTER, J.—This action was instituted under the declaratory judgment act by Zelda M. Svatonsky, plaintiff (ap-

*Reported in 389 P. (2d) 663.

pellant), against her divorced husband, Joseph V. Svatonsky and his mother, Anna Svatonsky, defendants (respondents). The purpose of the action is to have certain farm property, formerly the community property of Zelda and Joseph and now held by them as tenants-in-common, declared to have been undisposed by the divorce decree.

Zelda and Joseph were married for many years prior to their divorce in September, 1958. The principal asset of the community was a farm in Benton County with a stipulated value of $32,000. The divorce court awarded Zelda home furnishings with an alleged $5,000 value, and all of her separate property. Joseph was awarded the personal property on the farm, his car, and a paid-up insurance policy on his life. The community had several large debts, and in order to keep the farm in the Svatonsky family, the parties stipulated that title should be transferred to Joseph's mother. Joseph was required to make an accounting of all outstanding debts, including a debt stipulated at $11,500 owed to his mother, and subtract the sum from the $32,000 value of the farm; he was ordered to pay one-half of the remainder to Zelda at $35 a month. He was further required to pay all the debts, which became liens on the land until they were paid. The title to the farm was transferred to the mother according to the stipulation. The children were declared wards of the court, and Zelda was given temporary custody. Joseph was ordered to pay $225 a month to Zelda for their support. Zelda did not appeal or move to set aside the decree.

More than 2 years after the judgment in the divorce case was entered, plaintiff Zelda brought this action seeking an adjudication of her rights to the farm. The trial court entered judgment sustaining the divorce decree. This appeal followed.

The plaintiff relies on *Arneson v. Arneson*, 38 Wn. (2d) 99, 227 P. (2d) 1016 (1951), and contends that the divorce court had no power to award property to persons who were neither parties to the action nor children of the parties. The plaintiff argues that the divorce court exceeded its juris-

diction, and that portion of the decree awarding the real property to Anna Svatonsky is void.

The trial court found that at the time of the divorce the farm property was disposed according to the stipulation of the parties; that substantial rights had been bargained for and received by both parties, and that under the doctrine of estoppel (as well as on other grounds) the plaintiff was precluded from attacking the divorce decree. The record supports the trial court's findings and we agree with its conclusion that the doctrine of estoppel is applicable.

■ The plaintiff contends in this appeal that the alleged stipulation in the divorce court does not contain all the requisite elements of a stipulation. The divorce court held, however, that the parties did stipulate concerning the disposition of their property. In the oral decision, findings of fact, and decree, the court referred to a stipulation between the parties. A direct appeal was not taken and we are not justified in looking behind the face of the judgment. *Sievers v. Sievers*, 11 Wn. (2d) 446, 119 P. (2d) 668 (1941); *Rufener v. Scott*, 46 Wn. (2d) 240, 280 P. (2d) 253 (1955). However, we have read the statement of facts and find substantial evidence to support the divorce court's ruling. In open court the plaintiff agreed to an award of the land to Anna Svatonsky, subject to payment of debts and her community interest.

■ It is clear that the plaintiff did receive valuable rights under the award of the divorce court. Joseph Svatonsky relied upon the validity of the decree and paid obligations that the plaintiff had incurred. It is well established that even though a decree is void as beyond the power of the court to pronounce, a party who procures or gives consent to it is estopped to question its validity where he has obtained a benefit therefrom. *Wilson v. Union Elec. Light & Power Co.*, 59 F. (2d) 580 (8th Cir., 1932); *Cohen v. Dresie*, 174 Kan. 391, 256 P. (2d) 845 (1953); *State ex rel. Dean v. Dean*, 136 Ore. 694, 300 Pac. 1027, 86 A.L.R. 79 (1931); 19 Am. Jur., Estoppel § 77; 30A Am. Jur., Judgments § 47; 49 C.J.S., Judgments § 453; 3 Freeman, Judgments (5th ed.) § 1438.

"... A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction, either of the subject-matter of the action or of the parties, is not important in such cases. Parties are barred from such conduct, not because the judgment obtained is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated. . . ." *Bledsoe v. Seaman,* 77 Kan. 679, 95 Pac. 576 (1908).

The judgment of the trial court is affirmed.

OTT, C. J., ROSELLINI, and HALE, JJ., and MURRAY, J. Pro Tem., concur.