Helen MARTIN, Appellant,

v.

Jack Reid MARTIN, Appellee.

No. 44897.

Supreme Court of Oklahoma.

May 22, 1973.

Rehearing Denied July 17, 1973.

Warren, Phillips, Ricks & Mayfield, Oklahoma City, for appellant.

John B. Ogden, Oklahoma City, for appellee.

BARNES, Justice:

This is an appeal from an order dismissing contempt proceedings based upon failure of Appellee (defendant) to pay child support as previously ordered. At a hearing on the contempt application, the trial court ruled that the order previously made by a different judge was void because the child was in the military service at the time the order was issued. The essential background facts are as hereinafter related.

Appellant (plaintiff) filed suit for divorce, child custody, etc., against defendant, and obtained a decree on March 5, 1957, granting her (among other things) custody of the couple's minor son, Jack R. Martin, Jr., and ordering defendant "to pay as child support for the said minor child to the Clerk of this Court, to be in turn paid to the Plaintiff herein, the sum of $50.00 . . . each month hereafter, beginning April 1, 1957, until the further order of this Court or until the said minor child shall have attained his majority."

Thereafter, on February 14, 1968, the defendant filed a motion to modify the decree, stating:

"That the minor child of the parties . . . has now attained the age of nineteen (19) years and has been emancipated by reason of the fact that he has entered the Armed Forces of the United States of America, the date being January 22, 1968, and that said child support payments in the amount of $50.00 per month are no longer required by plaintiff herein as child support for said minor child. That the defendant has paid all child support payments as ordered by the Court through January, 1968.

"WHEREFORE, defendant prays that this Motion to Modify be granted and for all other relief as the Court may deem just and proper."

Thereafter, when the above motion was heard on April 1, 1968, instead of modifying the divorce decree as therein prayed, the Court entered a "Modification" Order directing that the defendant "deposit the sum of Fifty and No/100 ($50.00) Dollars per month commencing on the 1st day of April, 1968, in a savings account for the minor child . . . until further order of this Court or until the minor child shall have attained his majority", after reciting the following:

"Plaintiff appears in person and by her attorney, Stewart Hunter, and Defendant appears in person and by his attorney, Rick Romano, and *the parties thereupon agreed* that commencing on April 1, 1968, all child support payments in the sum of Fifty and no/100 ($50.00) Dollars per month and each month hereafter be deposited to a savings account for the child, Jack Reid Martin, Jr., and the Court, upon consideration thereof, finds that said agreement is reasonable and proper and should be approved and an order entered in lieu of the previous Order directing the Defendant to make child support payments to the Plaintiff herein." (Emphasis added.)

Thereafter, plaintiff caused a citation for contempt to be issued for defendant on January 21, 1971, but when this citation was finally heard on March 19, 1971, the Court entered its order finding the defendant not guilty of contempt and dismissing the citation, after stating:

"* * * The Court . . . finds that at the time the April, 1968 order was rendered, Jack Reid Martin Jr. was in military service.

"The Court finds as a matter of law that defendant was under no duty to support Jack Reid Martin Jr. while he was in the military service, such status having emancipated him. The Court further finds that because of such military service, the April 1, 1968 order was void and defendant is not guilty of contempt for failure to pay child support. * * *"

For reversal, plaintiff contends, among other things in substance, that after defendant took the position in his motion to modify that, because of Jack Junior's entry into military service, he was under no further court-ordered obligation to contribute to the boy's support, but thereafter appeared before the District Court with her and their respective counsel and agreed to the arrangement incorporated in said Court's order of April 1, 1968, and allowed that order to stand unappealed from and without objection until almost two years later when he was brought before the Court pursuant to the aforementioned contempt citation, defendant was then precluded from reasserting Junior's alleged emancipation as a defense to the citation. In support of her position, plaintiff cites previous decisions of this Court, such as Greeson v. Greeson, 208 Okl. 457, 257 P.2d 276, and Cobb v. Killingsworth, 77 Okl. 186, 187 P. 477, which speak of the binding effect of "consent judgments", and she urges us to apply similar principles to defendant on account of the cited agreed order of 1968. We think there is merit to this contention.

There can be no question but that District Courts have the power to entertain motions to modify the child support provisions of their previous divorce decrees during the minority of the children involved. (It will be noted that at the time the motion to modify in this case was filed, the minor, Jack R. Martin, Jr., was only nineteen.)

With reference to the subject now dealt with, 28 Am.Jur.2d, Estoppel and Waiver, § 73, states:

"Although it is a well-established rule that a court cannot acquire jurisdiction of the subject matter . . ., by estoppel, the doctrine has been announced that one who procures or *gives consent to* a judgment or decree, even though it is void as beyond the power of the court to pronounce, *is estopped to question its validity,* at least where he has obtained a *benefit* from the act of the court. One who invokes or voluntarily submits to the exercise by a court of its jurisdiction *upon a matter of which it has power to take cognizance is estopped from subsequently objecting thereto.*" (Emphasis added.)

The record does not show why defendant, after taking the position in his motion to modify the decree that his son's entry into the Armed Services emancipated him and therefore "child support payments . . . are no longer required . . .", subsequently changed his position and/or agreed to start putting fifty-dollar payments each month, beginning April 1, 1968, in a savings account for the boy. (In this connection, notice Stoner v. Weiss, 96 Okl. 285, 222 P. 547.) It may be that he agreed to this in consideration for plaintiff's forgiving his failure to have made any support payments for the months of February and March, 1968, but the record does not affirmatively show what his reason for the agreement was. (In this connection, it is noticed that no transcript of the proceedings at the hearing on his motion to modify was filed.)

At any rate, whether defendant received any benefit from the decree modification order so as to bring this case within the "at least where he has obtained a benefit from the act of the court" part of the above-quoted Am.Jur. statement of the rule, for which Miles v. Jones, 197 Okl. 684, 173 P.2d 949, is one of the cases cited in the Am.Jur. footnote "6", it is our opinion that this case is a proper one for application of the rule and principles set forth in the other case cited in this footnote, to-wit: Gith-

ens v. Githens, 78 Colo. 102, 239 P. 1023, 43 A.L.R. 547. See also Dean v. Dean, 136 Or. 694, 300 P. 1027, 86 A.L.R. 79 (also cited in the Am.Jur. footnote), where the Court said (p. 1029), quoting from Schmidt v. Oregon Gold Mining Co., 28 Or. 9, 40 P. 406, 1014, 1015, 52 Am.St.Rep. 759:

" 'It (a consent decree) is,' says Mr. Gibson, in his excellent treatise entitled 'suits in Chancery' (section 558), 'in the nature of a solemn contract, and is in effect an admission by the parties that the decree is a just determination of their rights upon the real facts of the case, had such been proved. As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error. The one only way in which it can be attacked or impeached is by an original bill alleging fraud in securing the consent.' Mr. Beach, in his Modern Equity Practice (section 792), says: *'Parties to a suit have the right to agree to anything they please in reference to the subject-matter of their litigation, and the court, when applied to, will ordinarily give effect to their agreement, if it comes within the general scope of the case made by the pleadings.'*

"We might well decide the point upon the proposition decided in that case that: 'The one only way in which it can be attacked or impeached is by an original bill alleging fraud in securing the consent.' But we prefer to put our decision on the broad principle that: 'A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction either of the subject matter of the action or of the parties, is *not important in such cases.* Parties are barred from such conduct *not because the judgment is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated.'* Bledsoe v. Seaman, 77 Kan. 679, 95 P. 576, quoted in 3 Freeman on Judgments (5th Ed.) p. 293." (Emphasis added.)

See also Genda v. Superior Court, County of Pima, 103 Ariz. 240, 439 P.2d 811, 814, 815, and Rediker v. Rediker, 35 Cal.2d 796, 221 P.2d 1, 20 A.L.R.2d 1152. Some courts have referred to the principle involved here as "quasi estoppel". See Harlan v. Harlan, 70 Cal.App.2d 657, 161 P.2d 490, in which the Court said (p. 493):

" . . . one who has invoked the exercise of a jurisdiction within the general powers of the court cannot seek to reverse its orders upon the ground of lack of jurisdiction. 'The principle opposing such action is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of but merely closes the mouth of the complainant. Spence v. State Nat. Bank, Tex.Civ.App., 5 S.W.2d 754. The principle is known as the doctrine of acquiescence, often referred to as quasi estoppel.' In re Estate of Davis, 1940, 38 Cal.App.2d 579, 584, 585, 101 P. 2d 761, 763, 102 P.2d 545."

The above principles of waiver and estoppel by consent are the same ones this Court applied in Wallace v. Wallace, Okl., 490 P.2d 749, when it reversed the trial court and held where a divorced wife agreed with her former husband on changes in the alimony payments prescribed in the couple's previously entered

divorce decree and both parties *joined* in an application to the District Court to approve said agreement—and it was approved —she could not later successfully contend that the Court had no jurisdiction to do this. In neither Kunc v. Kunc, 186 Okl. 297, 97 P.2d 771, nor in any of the cases cited by defendant, such as Pettis v. Johnston, 78 Okl. 277, 190 P. 681, were issues of estoppel or waiver dealt with.

In view of the foregoing, it is our opinion that when the defendant in the present case—after contending that his son's emancipation by entry into military service relieved him of any further payments for his support—subsequently agreed to place such payments in a savings account for him and consented to the Court's modifying the previous divorce decree to that extent, he estopped himself from later contending that the Court was without jurisdiction to do this. The trial court erred in considering the validity of the previous order of April 1, 1968, and dismissing the contempt citation on the ground said order was void. Following the precedent of Jones v. Liberty Plan of America, Inc., Okl., 418 P.2d 920, 924, Bonifield v. Baker, Okl., 348 P.2d 534, 537, and the cases there cited, we express no opinion as to the propriety or correctness of a dismissal on any other ground.

For the reasons above stated, plaintiff's petition for certiorari is granted; the decision of the Court of Appeals is affirmed as modified herein; the judgment of the trial court is reversed; and this cause is remanded to said court for appropriate proceedings not inconsistent with the views expressed herein.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, SIMMS and DOOLIN, JJ., concur.

HODGES, J., dissents.