FRANK JOSEPH BAKULA v. LUCILE ANNA BAKULA.[1]

July 8, 1932.

No. 28,893.

*Moritz Heim,* for appellant.
*Morphy, Bradford, Cummins & Cummins,* for respondent.

PER CURIAM.

Plaintiff (appellant) and defendant (respondent) are husband and wife. Prior to May, 1922, plaintiff brought an action against defendant for absolute divorce. · As a result of the trial of that cause defendant on her cross-bill was granted a decree of separation from bed and board forever. In December, 1931, plaintiff sought a revocation of that decree on a petition signed by himself alone.

[1]Reported in 243 N. W. 703.

A motion to dismiss the proceedings was granted, and the petition of plaintiff was denied. From the order so made this appeal was taken.

The petition was not supported by any affidavits, nor did it set forth any valid ground for revocation. The notice of motion accompanying the petition stated:

"The grounds for said plaintiff's motion, among others, are: Said decree of said separation from bed and board has outlived its usefulness and is against public policy, moreover injurious to the parties—parents and their children."

The mere statement of counsel for plaintiff in his notice of motion was by no means sufficient.

G. S. 1923 (2 Mason, 1927) § 8615, provides the manner in which a decree of separation may be revoked. It reads as follows:

"Upon a joint application of the parties, and satisfactory proof of their reconciliation, the court granting any decree of separation may revoke the same, under such regulations and restrictions as it shall prescribe."

The petition is not a joint one. There has been no reconciliation; all efforts to that end have been without avail.

A decree for separation is not a bar to an action for absolute divorce on proper grounds. In Gustafson v. Gustafson, 178 Minn. 1, 7, 226 N. W. 412, 414, it is stated:

"While a decree of separation may by its terms be 'forever,' it is subject to termination by consent of the parties and the aid of the court. It suspends but does not destroy the marriage status. By vacation of the decree, as provided by statute * * * the matrimonial status is restored in all its original scope."

The motion to dismiss the proceedings and to deny the petition was properly granted.

Order affirmed.