## No. 14,558.

### Jordan *v.* Jordan.
(96 P. [2d] 13)

Decided October 23, 1939.   Rehearing denied November 20, 1939.

Mr. Sydney É. Shuteran, Mr. Wm. Hedges Robinson, Jr., for plaintiff in error.

Mr. Harold G. King, for defendant in error.

*In Department.*

Mr. Chief Justice Hilliard delivered the opinion of the court.

ON petition of the wife filed therein to vacate interlocutory and final decrees in a divorce case, order entered as prayed.

It appears that March 22, 1922, the parties intermarried; that May 24, 1933, the husband, alleging cruelty, filed complaint for divorce; that May 1, 1935, the wife answered in denial, and in a cross complaint for divorce she charged cruelty; that on the same day, the husband not appearing, trial proceeded on the cross complaint to findings favorable to the wife, on which an interlocutory decree immediately entered; that November 2, 1935, a final decree of divorce was given; that neither party has remarried, nor are the rights of third parties in any manner involved; that October 31, 1938, the wife filed petition as already related, alleging "That subsequent to the entry of the interlocutory decree and before the entry of the final decree of divorce herein the plaintiff and defendant became reconciled, and have since continued to cohabit and live together publicly as husband and wife." Upon the husband's formal denial of the foregoing allegation, the court received testimony on the issue thus presented. At the conclusion of the evidence the court ordered that both decrees, interlocutory and final, be set aside.

The transcript of evidence, which we do not pause to detail, convinces us that the relation obtaining between these parties subsequent to the preliminary decree, was as the wife alleged in her petition to have the decrees vacated; and based thereon we conclude the court's order of vacation was warranted. Married couples are supposed to live together, and usually do. Couples not married are supposed to live apart, and that is the normal relation. In that regard, divorced couples are as those never married. Marriage, however solemnized or evidenced, is the result of an agreement between the parties—a contract into which they freely and competently enter. Divorcement, on the other hand, connotes disagreement—not a contract. The parties to a marriage

are not competent to contract its dissolution; but upon proper application and sufficient showing, either party may be judicially freed therefrom, resulting in mutual release. That was the procedure attempted here, and in form accomplished.

■ The question is, Must decrees of the nature here, wholly disregarded by the parties, remain sacrosanct nevertheless? The only office of such decrees is to make judicially evident the fact that the marriage relation between the parties, although once obtaining, no longer exists. Where the parties, as here, continue their marriage notwithstanding the divorce, upon what rule or reasonable hypothesis should decrees erroneously determining otherwise remain of record? We think of none. On the contrary, as we conceive, public policy demands that the parties to such a situation be relegated to the status resulting from their formal marriage, and which, as now appears, their alleged shortcomings did not rupture nor decrees of court interrupt. That which seems desirable procedure is best effectuated by vacating the decrees, as was done by the trial court. See *Githens v. Githens*, 78 Colo. 102, 239 Pac. 1023.

We do not regard section 20, chapter 56, '35 C. S. A., as applicable here. The limitation there prescribed has to do with the efforts of one of the parties to reopen a divorce case after expiration of the fixed time. No such question is here presented. By their unmistakable conduct, clearly established, both parties treated the decrees as if nonexistent. Consistently, the circumstances considered, the courts can do no less.

Let the judgment be affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE concur.