No. 14,559.

People ex rel. Jordan *v.* District Court et al.
(96 P. [2d] 12)

Decided October 23, 1939.   Rehearing denied November 20, 1939.

Mr. Sydney E. Shuteran, Mr. Wm. Hedges Robinson, Jr., for petitioner.

Mr. Harold G. King, for respondents.

*In Department.*

Mr. Chief Justice Hilliard delivered the opinion of the court.

An original proceeding in prohibition. The parties in interest are those named in No. 14558, decided this day (105 Colo. 171, 96 P. [2d] 13). As recited there, the Jordans were married March 22, 1922. November 2, 1935, pursuant to suit to that end, they were divorced. October 31, 1938, the wife alleging that shortly after the entry of the preliminary decree the parties had become reconciled, and since then, and notwithstanding the preliminary decree and subsequent final decree of divorce,

all as stated in our opinion in No. 14558, were living "together publicly as husband and wife," and prayed that the decrees be vacated. January 25, 1939, after trial had on her petition, the district court adjudged that the decrees to which we have referred should be vacated. That judgment is affirmed by our opinion in No. 14558.

It appears here that February 17, 1939, or within less than a month after having convinced the Denver district court that she and her husband were reconciled and living together up to the time she filed petition to have it so adjudged—October 31, 1938—the wife filed complaint for divorce in the same court (before a different judge), alleging marriage as of March 22, 1922, and that "since February 1, 1938, said defendant has lived openly and notoriously and cohabited with" an unnamed woman. To this suit, proceeding on the theory that the parties already were divorced, and that he had taken steps to have the judgment of the court vacating the divorce decrees reviewed, the husband filed a plea in abatement. On denial of that plea, he sought prohibition here. We granted a rule to show cause. Respondents Judge and the wife answered, the Judge setting forth the record of the matter as submitted to him, and the wife in challenge of our jurisdiction.

For the purpose of disposition here, we proceed upon the facts appearing in the two records. In 14558, mildly emphasizing the manner in which the parties had invoked judicial writs in relation to their marital difficulties, and having obtained entry of solemn judgments, which they immediately flouted, we concluded with the trial court that since the parties ignored the decrees, reason for their continuance in force had failed. Now, here, the wife, although alleging in her petition that the parties had deported themselves as indicated, and that they were living together as husband and wife as late as October 31, 1938, charges in a new suit for divorce that since February 1, 1938, the husband has been living in adultery with another woman. We cannot

reconcile the wife's inconsistencies here any more than the husband's in the other case. Both are quick to invoke judicial process, and neither is slow to disregard solemn judgments entered upon their prayers. As in the review in the other case, we approved the district court's decree which left the husband married, so here, on original inquiry, we think the wife should be relegated to the status she insisted upon "only yesterday." In short, for immediate purposes both parties have forfeited the right to invoke judicial writs in the matter of their alleged domestic difficulties.

The whole situation considered, we are disposed to the view that there should have been abatement of the wife's new suit for divorce. Let the writ issue as prayed.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE concur.