## CLICK v. CLICK.
### No. 6307.

Court of Civil Appeals of Texas. Amarillo.
May 25, 1953.

Guy Hardin, Shamrock, for appellant.

Hill & Dougherty, Shamrock, for appellee.

MARTIN, Justice.

Appellant, Faye Delores Click, recovered judgment of divorce against appellee, Olen Kenneth Click, in the district court of Gray County, Texas, on the 3rd day of October, 1952, which judgment was duly filed of record in the minutes of said court on the same date. No motion for a new trial was filed in the cause nor was any appeal taken from this judgment of the trial court. Following the granting of such judgment of divorce to appellant herein, she married one Blair Haney. On the 4th day of November, 1952, appellee filed a motion for temporary custody of the minor child born of the marriage of appellant and appellee and in such motion also sought a hearing on the issue of permanent custody of said child. A hearing was had on this motion on the 2nd day of January, 1953, and at that time the court, on its own motion, set aside and dissolved the judgment of divorce which had been granted appellant on the 3rd day of October, 1952.

The only pleadings invoking the jurisdiction of the district court of Gray County are solely with reference to the issue of the proper award of child custody as between appellant and appellee. The pleadings in the cause could not in any manner be construed as a bill of review attacking the entry of the original judgment of divorce. The district court of Gray County is a court vested with civil jurisdiction having successive terms in said county throughout the year, without more than two days intervening between any of such terms. It is further apparent that more than thirty days had elapsed after the rendition of the original judgment of divorce and prior to the action of the court in setting aside such judgment.

Appellant's one point of error correctly asserts that the trial court erred in setting aside the judgment of divorce after the expiration of 30 days after the date of judgment in the absence of the filing of a bill of review as to such judgment. "Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment * * * the judgment cannot be set aside except by bill of review for sufficient cause". Rule 330(l), Vernon's Texas Rules of Civil Procedure; Williams v. Pitts, Tex.Sup., 251 S.W.2d 148, Syl. 3, 4; Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951; Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705. Appellant's point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for a trial on the issue of child custody as presented by the pleadings in the cause.