[Civ. No. 22568.   Second Dist., Div. One.   Feb. 3, 1958.]

CHARLIE BURTON, JR., Appellant, v. LOUELLA BURTON, Respondent.

Walter L. Gordon, Jr., for Appellant.

Moore, Webster, Lindelof & Hughes for Respondent.

DRAPEAU, J.*—This is an appeal from an order setting aside a final judgment of divorce.

The complaint was by the husband against the wife for desertion.   (Not for cruelty, as stated in appellant's brief.)

Service was by publication, but the defendant wife received copies of the complaint and summons through the mail, at her home in Baton Rouge, Louisiana.   She did not appear and contest the action.

Interlocutory decree of divorce is dated July 6, 1955; final judgment is dated July 11, 1956.

*Assigned by Chairman of Judicial Council.

The order vacating the final judgment is dated February 28, 1957.

No testimony was taken by the court, and the order vacating the judgment was made upon conflicting affidavits.

■ The wife's affidavit was to the effect that there had been a reconciliation between her and her husband, after the interlocutory and before the final decree. This was supported by the affidavit of a friend of the family. He said that he saw these two people in bed together at Baton Rouge.

The husband filed his affidavit, denying these averments.

This court finds that the facts stated in defendant's affidavits are sufficient to support the order.

. Rule 20 of the Rules for Superior Courts provides that before any final judgment of divorce shall be made or entered, the party applying for it shall submit to the court at the time he makes his motion for a final judgment an affidavit to the effect that, among other things, (a) the parties have not become reconciled, and (b) that they have not lived or cohabited together, since the granting of the interlocutory decree.

■ If an affidavit supporting a motion for a final decree of divorce is false in any material respect the decree based upon it must fall because of the fraud practiced upon the court. (*Miller* v. *Miller*, 26 Cal.2d 119, 121 [156 P.2d 931].)

■ When an issue of fact has been submitted to a trial court upon affidavits, and an appeal has been taken from the order based thereon, if there is substantial conflict in material statements in the affidavits the determination of the factual issues by the trial court is conclusive upon appeal. (*Kuchera* v. *Kuchera*, 128 Cal.App.2d 435, 440 [275 P.2d 610].)

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.