Doris M. CAMPBELL, Appellant,

v.

William E. CAMPBELL, Jr., Appellee.

No. 11035.

Court of Civil Appeals of Texas.

Austin.

Nov. 21, 1962.

Rehearing Denied Dec. 12, 1962.

John P. Koons, Dallas, for appellant.

Shields, Jones & Whittington, Dallas, for appellee.

HUGHES, Justice.

This is a suit for divorce brought by Doris M. Campbell, appellant, against William E. Campbell, Jr., in which the Trial Court sustained, "Defendant's Plea to the Jurisdiction and Motion to Quash" and dismissed appellant's suit without a trial on the merits. In this, we believe the Court erred.

It is the contention of appellee that there was a valid subsisting judgment of divorce between the parties rendered January 2, 1958,[1] in the Domestic Relations Court of Dallas County, in Cause No. 57474 and that such judgment, there being no allegations by appellant of a marriage to appellee subsequent to January 2, 1958, destroys the jurisdiction of the Court in this case and is res adjudicata of the issue of divorce pleaded by appellant herein.

■ It is our opinion that this judgment of January 2, 1958, was vacated by a valid order[2] of the Court rendering it and that, in any event, appellee is estopped to attack the validity of such order. With respect to such judgment and order, the record shows:

On January 27, 1958, William E. Campbell, Jr. filed, in his own handwriting, a motion for a new trial. This motion was never formally acted upon.

On June 5, 1958, a joint motion was filed on behalf of the parties, plaintiff and defendant, to vacate such judgment. We copy such motion:

"Come now the Plaintiff, Doris M. Campbell, and the Defendant, William E. Campbell, Jr., in the above styled and numbered cause, and file this their joint motion to vacate judgment heretofore entered in this cause, and in support thereof would respectfully show as follows:

"I.

"That heretofore, to-wit, on or about the 2nd day of January, 1958, this court granted judgment of divorce unto plaintiff, Doris M. Campbell, together with other relief, in particular approving a community property settlement entered into between plaintiff and defendant, which agreement was dated 14th November, 1957; that copy of the judgment subsequently entered is hereunto attached as Exhibit 'A'.

"II.

"That your plaintiff and defendant would show that both are desirous of re-entering their status of previous matrimony as well as all incidentals thereto, including the ownership of property on the basis of ownership prior to the granting of the above divorce; that by virtue of certain religious complications, as well as financial entanglements, and for the benefit of all

---

1. Two identical judgments appear in the statement of facts one "signed" 1–2–58, and the other "signed" 1–17–58. The latter judgment is pleaded by appellee in his motion to the jurisdiction filed herein.

2. This order is interlocutory. Jones v. Steele, 360 S.W.2d 592, Houston Court of Civil Appeals.

concerned, the best interests of justice would be sustained if the judgment heretofore rendered were set aside.

"That sufficient cause exists for the vacating of said judgment.

"WHEREFORE, PREMISES CONSIDERED, plaintiff and defendant jointly pray that judgment heretofore granted herein be set aside in all things, including the division of property as per property settlement approved; and that judgment be entered dismissing this cause; that costs be assessed against the defendant and that these parties go jointly hither without day";

We also copy the Court's order granting the foregoing motion:

"WHEREAS, on this the 12 day of June, 1958, came on to be heard the joint motion of the Plaintiff and Defendant to vacate the judgment of divorce heretofore entered by this Court on the 2nd day of January, 1958, and entered in the minutes of this Court on the 20th day of January, 1958, together with their motion to nullify and void the property settlement previously entered into by and between the Plaintiff and Defendant on the 14th day of November, 1957, as approved and made a part of the judgment of divorce entered in this Court;

"And the Court being of the opinion that although thirty (30) days had expired since the rendition of said judgment and since the filing of Defendant's Motion for new trial, that under the law sufficient cause exists for the vacation of the orders above referred to.

"ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of divorce rendered by this Court on the 2nd day of January, 1958 and entered on the Minutes of this Court on the 20th day of January, 1958, divorcing the Plaintiff, DORIS M. CAMPBELL, from WILLIAM E. CAMPBELL, JR. be and the same is hereby set aside for all purposes, and the property settlement as approved by this Court and referred to in said judgment of divorce is likewise set aside and held for naught, so that the Plaintiff and Defendant are of this day and have been husband and wife, and their property rights exist the same as though no property settlement had ever been adjudicated by this Court.

"Further, on joint motion of the Plaintiff and Defendant, to, after vacating this judgment have this cause dismissed, the same is hereby dismissed without prejudice to either Plaintiff or Defendant, at Defendant's cost.

"For all of which, let execution issue.

"Signed this 12 day of June, 1958.

"s/ Beth Wright

Judge, Domestic Relations Court of Dallas County, Texas"

The present suit was originally filed November 26, 1958. It was dismissed for want of prosecution June 26, 1960. Motion to re-instate the suit was filed by plaintiff October 17, 1960, which recited that defendant agreed to such re-instatement. This motion was granted October 17, 1960, the Court finding that defendant agreed to such re-instatement.

Appellee filed an original answer herein on August 15, 1961. This answer was formal.

On September 8, 1961, appellee filed an amended answer in which he plead "Defendant admits that the parties have been married approximately 14 years. * *"

By a second Amended Answer, appellee pleaded:

"Pleading further, if the same be necessary, Defendant would show the Court that he has made every effort

since the separation of the parties in 1957 to effect a reconciliation with his wife and to save his home and family, and still desires to do so. That in spite of these efforts, the Plaintiff, while at all times leading him to believe that he would be permitted to return to his home, has refused to permit him to return. That in an attempt to effect such reconciliation, the Defendant has taken his wife and son on numerous trips to Colorado, Disneyland in California, Las Vegas, Nevada, Washington, D. C., Hot Springs, Arkansas, Miami, Florida and Nassau, and other places. In addition, he has purchased many articles for her, including a 1961 Cadillac automobile, diamond wristwatch, evening sweater, movie camera, new furniture and decorations in living-room, dining-room, master bed-room, den and breakfast-room."

Appellant's current pleading, filed February 9, 1962, alleges that she and appellee were married February 22, 1947, when she was eighteen years of age and her husband was 28 years of age; that they have one son, now 12 years of age. She alleged a continuance of the marriage since its occurrence. Referring to the prior divorce suit she alleged that "upon the promise that he (appellee) would immediately return home and that each would for a period of six months attempt to salvage their marriage, plaintiff did agree to the setting aside of the judgment; that in accordance therewith, the defendant did write unto the plaintiff a letter, substantiating their intent and incorporating the matters recited above therein."

On March 5, 1962, appellee filed his plea of res adjudicata and, for the first time, took the position that "the parties are not married in compliance with the statutes of the State of Texas."

The record also discloses that in January, 1958, when the divorce judgment in the prior cause was rendered the parties made a settlement of their property rights by an agreement containing six typewritten pages and an attached exhibit containing thirty-seven pages "more or less."

█ In Slattery v. Uvalde Rock Asphalt Co. the Beaumont Court of Civil Appeals, with outright approval by the Supreme Court, held, "it is our conclusion that, on agreement of the parties, the court, at a subsequent term, may vacate a judgment and reinstate the cause on its docket as a pending action." 140 S.W.2d 987, writ. ref. (1940).

This case was decided before the effective date of our present Rules of Civil Procedure, September 1, 1941.[3] Rule 329b, subd. 5, of these rules provides, in part: "After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law."

It is our opinion that this rule did not bring about a change in the law previously existing so as to render the opinion in Slattery, supra, obsolete or inapplicable. The basis for this conclusion is to be found in Ridley v. McCallum, Dist. Judge, 139 Tex. 540, 163 S.W.2d 833 (1942).

This case involved facts arising before the new rules became effective. The Court there was concerned with the effect of an order of the District Court setting aside a judgment rendered at a previous term on the motion of one of the parties to the suit. We quote from that opinion:

"The power of the court over its judgment having ceased with the end of the term, the proceeding below on the motion must stand on the same footing as a collateral attack upon a judgment. * * *

"Our conclusion is that the default judgment of November 6, 1940, against

3. The cases cited by appellee, to establish the invalidity of the order, later noticed, were all decided subsequent to 1941.

Dallas Cartage Company is a final judgment, valid on its face and on the face of the record. From this it follows that the trial court was wanting in power to set it aside at a subsequent term of the court, either upon the motion of respondents, above copied, or upon its own motion. Its validity may be challenged in no other way than by a suit in equity in the nature of a bill of review."

This case construed Sec. 30 of Art. 2092, Vernon's Ann.Civ.St., which contained language identical with the portion of Rule 329b, subd. 5, quoted above, which statute was in force and effect when the Supreme Court refused a writ in Slattery.

Appellee states that Slattery "is not the law in Texas and is completely unsupported."

It is obvious that the holding in Slattery is not consistent with the general language in Ridley. It is also obvious that the specific holding in Slattery is not in conflict with the specific holding in Ridley. Under these circumstances, our duty is clear. We are in complete accord with the statement of Chief Justice Bell, for the Houston Court, in McClelland v. Briscoe, 359 S.W.2d 635, that "We are an intermediate court in our judicial system; we are bound by the decisions of a higher court; it is our duty to follow them, and litigants have a right to insist that we do."

■ Until Slattery is disapproved by the Supreme Court, we believe it our duty to follow it. We cannot assume that the Court overlooked this opinion when it wrote in Ridley just two years later.

■ It is also our opinion that since the attack on the order setting aside the divorce judgment is a collateral attack [4] that the proceedings relative thereto liberally in-

terpreted and indulging in all legitimate presumptions are sufficient to constitute a bill of review, although they are not so styled.

■ Rule 329b, subd. 5, supra, provides that, after term time, a judgment may be set aside by bill of review for "sufficient cause". The joint motion to set aside the divorce judgment plead "That sufficient cause exists for the vacating of said judgment". The Court in its order granting this motion expressly found " * * * that under the law sufficient cause exists for the vacation" of the divorce judgment.

We do not, of course, hold that the allegation of "sufficient cause" was good against exception. We do hold that it is adequate as against collateral attack. We quote from some of the authorities sustaining this conclusion. This general rule is found in Judgments, 34 Tex.Jur.2d Sec. 325, pp. 304–307:

"It is a primary rule in a law of judgments, recognized everywhere, that a judgment of a domestic court of general jurisdiction, rendered in the exercise of its usual powers and regular on its face, imports absolute verity. When such a judgment is attacked in a collateral proceeding every reasonable presumption that may be necessary to uphold it will be indulged. The presumption is that the court that rendered the judgment did its duty. This implies that the court duly acquired jurisdiction of the cause and acted within the limits of its authority, and that the judgment itself is correct and valid."

Regarding the sufficiency of the pleading to vacate the prior judgment, we quote from the same text, Sec. 350, pp. 358–359:

"Liberal presumptions are indulged when a judgment is assailed in a collateral proceeding on the theory that the

4. It is a collateral attack because the order is not sought to be set aside on equitable grounds, but only on the grounds that it is void, and the order does not reflect its own infirmity. We do not consider the contention of appellant that the two Domestic Relations Courts of Dallas County are two different Courts within the rule requiring a direct attack on a judgment to be brought in the Court which rendered the judgment.

pleadings were insufficient to confer jurisdiction of the subject matter. The mere fact that the record may reveal that a pleading was in fact insufficient does not necessarily mean that the attack will prevail. On the contrary, unless the circumstances absolutely forbid, it may be presumed that some other proper and sufficient pleading was filed."

More specific is the forceful language of the Court in Hartel v. Dishman, 135 Tex. 600, at p. 610–611, 145 S.W.2d 865, 870:

"This case does not fall within that category of cases wherein a judgment may be successfully attacked collaterally because it lacked support in the pleadings. The petition here under attack, while faulty and probably subject to a general demurrer, was consistent with the relief prayed for and with the judgment that was rendered. It was likewise sufficient to challenge the attention of the court and to apprise the court and the defendant of the character of the suit and the relief granted by the court; nor was the petition so faulty but that it could have been amended. * * * It was stated by this court in the case of Pure Oil Co. v. Reece, supra [124 Tex. 476, 78 S.W.2d 934]. 'It is the settled law of this state that where a judgment is collaterally attacked, plain jurisdiction recitals * * * must be accorded absolute verity.' * *

"In the case of Weems v. Masterson, 80 Tex. 45, 55, 15 S.W. 590, 592, Stayton, C. J., speaking for the court said:

" 'A proposition that a judgment of a district court could be attacked in a collateral proceeding because pleadings were defective, if the court had jurisdiction of the subject-matter and the parties, would not be advanced, and it would be readily conceded that however erroneous such judgment might be, it would be conclusive on the parties until set aside by some direct proceeding for that purpose; and we are of opinion

that this would be true even if the pleadings were so defective as to be bad on general demurrer, or as to present no issue of fact.' "

Under these authorities, we think it cannot be denied that the Court when it entered the order complained of had jurisdiction of the parties to it and of its subject matter.

The divorce suit was a pending cause and the judgment of divorce was subject to judicial vacation under the Bill of Review provisions of Rule 329b, subd. 5 when the Court set the judgment aside. Ex parte Godeke, Tex., 355 S.W.2d 701.

The only requisite of this rule is that "sufficient cause" exists for setting aside the judgment, and that the Bill of Review be timely filed.

The motion to set aside the judgment was timely filed. It alleged the existence of "sufficient cause" as ground for vacating the judgment. The Court affirmatively found the existence of "sufficient cause" in its order vacating the divorce judgment.

It is our opinion under the rules above quoted, that the motion to set aside the judgment was adequate to invoke the jurisdiction of the Court to vacate the judgment under the Bill of Review provisions of Rule 329b, subd. 5 in this, a collateral attack on the order vacating such judgment.

For yet another reason, appellee is precluded from here attacking the order vacating the divorce judgment. He is estopped by his conduct from denying its validity. He requested the Court to vacate the judgment and invoked the Court's jurisdiction for that purpose. The law is uniform that under these circumstances estoppel is present.

In Judgments, 33 Tex.Jur.2d, Sec. 104, p. 622, the rule is stated:

"Generally, a party may not complain of a judgment rendered by consent or agreement, and such a judgment waives all errors committed before its rendi-

tion except those that involve the jurisdiction of the court."

In Lessing v. Cunningham & Hardee, 55 Tex. 231, the rule is similarly stated. See also Moor v. Moor, 63 S.W. 347, writ ref., Duke v. Gilbreath, Tex.Civ.App., 10 S.W.2d 412, Eastland Court of Civil Appeals, writ ref.

In Telluride Power Co. v. City of Teague, 240 S.W. 950, the Dallas Court of Civil Appeals, citing Lessing v. Cunningham, supra, stated:

"Any judgment which the parties to a suit cause to be entered by a bona fide agreement, no fraud being practiced in it, is binding upon them regardless of what the pleadings and evidence may be, and such judgment is conclusive as an estoppel."

In Morehouse v. Morehouse, 111 S.W.2d 831, writ dism., the San Antonio Court of Civil Appeals, stated:

"The principle of equitable estoppel has been applied in this state in Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; Moor v. Moor, Tex.Civ. App., 63 S.W. 347. Other courts have held that where a party to a divorce, knowing that it was obtained through fraud or irregularity, treats it as valid and acts as an unmarried person in violation of any obligations incident to the former status, he is estopped from attacking the decree."

In Dunn v. Tiernan, 284 S.W.2d 754, n. r. e., Justice Fraser for the El Paso Court of Civil Appeals, wrote a scholarly opinion in which he applied the doctrine of equitable estoppel to a divorce decree. We quote from that opinion:

"This doctrine of estoppel to assert invalidity of a judgment proceeds upon the theory that it would be intolerable to permit the parties to enter into collusion to defraud the court and, each of the parties having enjoyed the fruits of their wrongful conduct, to permit one

of them to afterwards assail the judgment collaterally. Moor v. Moor, Tex. Civ.App., 63 S.W. 347; Freeman on Judgments, § 1438.

"Some cases have held that the concepts of justice will not countenance an attempt to so repudiate such jurisdiction, particularly when same would involve the unsettlement of domestic relations created under color of the judgment. * * *

"Other cases hold that a consent decree is valid and binding on parties consenting, and is open neither to direct appeal nor collateral attack. * * *

"Other courts have held parties estopped to challenge jurisdiction of the divorcing court under circumstances similar to this one for the above grounds, and further because the party had waited eight or nine months or longer to challenge the validity of the divorce. * * *

"There are other cases holding along these lines, to-wit, that estoppel is created against a party challenging the validity of the foreign divorce which he himself has procured, and especially where in so doing he practiced a fraud on the divorcing court, and also where the other party, in reliance upon such divorce, has altered the marital status, and especially where the challenger has waited for many months and has accepted during that period benefits from the challenged decree. * * *

"Other cases have enunciated the doctrine by emphasizing that estoppel is an equitable procedure and equity should never permit one to profit from his own fraud, especially to the disadvantage of another."

Applying these principles here, appellee is estopped upon the grounds of equity, fair dealing and good conscience to question the validity of the order vacating the divorce judgment which order he requested, approved and from the day of its entry, June

12, 1958, to March 5, 1962, acquiesced in and did not question. During such interval, appellee took appellant on numerous trips and showered her with expensive gifts. To now say that the parties were not then married, would unjustly reflect upon both of them.

Also in reliance upon the validity of the order vacating the divorce decree, appellee has remained in possession of the community estate, the effect of which has been to deny to appellant the property awarded her by the divorce judgment.

We believe that it would be most inequitable for appellee not to be held accountable to appellant for his community earnings since January 2, 1958. As both parties conceived their marital status to be, and by their conduct affirming such conception, so should they be bound.

Appellee relies upon the following cases to sustain his contention that the order vacating the divorce judgment was void:

Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951; Bridgeman v. Moore, 143 Tex. 250, 183 S.W.2d 705; Click v. Click, 258 S.W.2d 835. Amarillo Court of Civil Appeals and Turner v. Texas Sportservice, Inc., Tex.Civ.App., 312 S.W.2d 388, San Antonio Court of Civil Appeals, writ ref., n. r. e.

In the last cited case the Court held on appeal from a judgment rendered notwithstanding a jury verdict at the second term following the return of the jury verdict was void. Patently this case has no bearing here.

In the Click case the Court, on its own motion, set aside a judgment of divorce more than 30 days after it had become final. This was held to be error.

In Bridgeman the ruling was the same as in Ridley v. McCallum, supra, which case was cited.

In Wichita Falls, supra, it was held that the Trial Court was without jurisdiction to set aside an order on a plea of privilege more than 30 days after such order became final, except by Bill of Review.

In none of these cases was an agreed motion to vacate a judgment involved. In none of these cases was there a pleading of "sufficient cause" to vacate the judgment. In none of these cases was there equitable grounds for estoppel similar to the present case. For these reasons, we conclude that the cited cases are not controlling.

The judgment of the Trial Court is reversed and this cause is remanded.

Reversed and remanded.