**Robert R. COCKE, Appellant,**

v.

**Eleanor Bragg COCKE, Appellee.**

No. 4290.

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

Rehearing Denied Oct. 22, 1964.

Wm. J. McKie, Corsicana, for appellant.

Mays, Jacobs & Pevehouse, Corsicana, for appellee.

McDONALD, Chief Justice.

This is a suit to set aside and annul a portion of a final judgment entered on March 14, 1962 which granted divorce to the parties herein, and set aside certain community property to defendant and her 4 minor children. The 1962 judgment was an agreed judgment. Plaintiff alleged that there exist community debts (amounting to some $27,900), and that creditors of the community "threaten to bring suit or foreclose liens," and that the community estate is wholly insolvent unless the property set aside to defendant and the 4 minor children be applied to the liquidation of the debts. Plaintiff prayed for a revision of the 1962 judgment to apply the property set aside to the defendant and 4 children to the community debts.

The Trial Court, after hearing, dismissed the cause. Plaintiff appeals, contending the Trial Court erred in dismissing plain-

tiff's cause of action because plaintiff "has a right to have community property applied to pay community debts". We overrule plaintiff's contentions. The 1962 judgment had become final. There was no allegation of fraud, accident, or mistake; and plaintiff's petition makes no pretense of being an Equitable Bill of Review. See Rule 329b, Sec. 5, Texas Rules of Civil Procedure; Click v. Click, CCA (n. w. h.), 258 S.W.2d 835. Looney v. 1st Nat. Bank, CCA (n. r. e.), 322 S.W.2d 53. The Looney case, supra, holds:

"* * * a suit in the nature of a bill of review, * * * is the only proceeding to set aside a judgment not void on the face of the record, after term time and after it has become final. * * *"

Plaintiff urges that all of the community property is subject to the rights of creditors. This is true, but no creditors are asserting rights in this cause.

The judgment of the Trial Court is affirmed.