**Robert R. COCKE, Appellant,**

v.

**Eleanor Bragg COCKE, Appellee.**

**No. 4537.**

Court of Civil Appeals of Texas.

Waco.

Nov. 3, 1966.

Rehearing Denied Nov. 17, 1966.

See also, Tex.Civ.App., 382 S.W.2d 789.

William J. McKie, Corsicana, for appellant.

Mays, Jacobs & Pevehouse, Corsicana, for appellee.

## OPINION

TIREY, Justice.

Appellant brought this suit in the nature of a motion to reduce the support payments for his four minor children, which support orders were granted in a divorce suit that adjudicated the rights of the parties, and which suit had become final and there was no appeal therefrom. At the conclusion of the testimony the court denied appellant all the relief he asked for and, at appellant's request, filed findings of fact and conclusions of law. We quote the pertinent parts:

"FINDINGS OF FACT

"1. This is a suit, or motion, to set aside and annul a portion of a final judgment entered herein on May 14, 1962, as afterward amended by agreement on August 15, 1962, which granted divorce to the parties herein and set aside certain community property to Eleanor Bragg Cocke and her four minor children.

"2. The May 14, 1962 judgment as well as the August 15, 1962 judgment were agreed judgments. It is a final judgment and time for appeal therefrom has long since expired.

"3. By his motion, Robert R. Cocke seeks a revision of the 1962 judgments to apply the property, set aside to Eleanor Bragg Cocke and her four children, to his own personal benefit.

"4. His ground for seeking a revision of the aforesaid final judgment is based upon 'a change of conditions' which make said final judgment, insofar as he is concerned, inequitable.

"5. In his motion, Robert R. Cocke makes no allegation of fraud, accident or mistake; and his petition, or motion, makes no pretense of being an equitable Bill of Review.

"6. In the Final Judgment of May 14, 1962, the community property of this Plaintiff and the Defendant was partially partitioned and Robert R. Cocke, under the partition, received certain specific items of property. In this motion, Mr. Cocke makes no

tender of any assets set aside to him in said partition.

"7. I further find that since the date of the aforesaid judgments of May 14th and August 15th of 1962 there has been a change in the financial circumstances surrounding Robert R. Cocke; his income has been largely reduced and his ability to earn money has been greatly diminished, each sufficiently enough to warrant a reduction in support payments, if allowed by law.

"CONCLUSIONS OF LAW

"I find that the 1962 judgment, granting the divorce and partitioning the community property, having become final and Mr. Cocke making no allegation of fraud, accident or mistake therein, and his motion making no pretense of being an equitable review, that this Court has lost the power to set said judgment of divorce and partition aside under the circumstances here stated.

"Mr. Cocke, having received that part of the property set aside to him under the partition decree, is considered as having affirmed said judgment and is not now permitted to complain of any invalidity.

"I further conclude that the contractual provisions in the agreed judgment, setting aside the royalty interest herein sought to be annulled, for the use and benefit of Mrs. Cocke and her four minor children, is not subject to modification by this Court at this time and that part of the original divorce judgment setting aside the royalty interest to Mrs. Cocke and her children is governed by the law of contracts and there is nothing in this record to justify setting the same aside, modifying, or changing the same.

WHEREFORE, judgment should be rendered against Robert R. Cocke that he take nothing."

The judgment is assailed on two points:

"FIRST POINT

"The trial court erred in rendering judgment for the respondent, Eleanor Bragg Parker, in view of the trial court's findings and conclusions (Finding No. 7) that 'since the date of the aforesaid judgment of May 14, and August 15, of 1962 there has been a change in the financial circumstances surrounding Robert R. Cocke; his income has been largely reduced and his ability to earn money has been greatly diminished, each sufficiently enough to warrant a reduction in support payments, if allowed by law' because in view of such a finding the court did have the power to reduce the child support payments as provided in the judgments of May 14th and August 15th of 1962, and should have proceeded to enter judgment to that effect.

"'SECOND POINT

"The trial court erred in making its finding to the effect that contractual provisions in the judgment, if any, are not subject to modification since the conclusive evidence is that respondent Eleanor Bragg Cocke has not herself complied with the judgment and thereby has rescinded same."

We have carefully considered this entire record and we find that the judgment of the trial court denying appellant relief has its foundation upon the uncontested findings of fact which we have heretofore set out. It is also our view that the court's conclusions of law correctly applied the law to the undisputed factual situation, and that the judgment denying appellant all relief is correct.

Perhaps we should state that appellant was before this court previously wherein he sought to set aside a final judgment entered on March 14, 1962, which was the judgment which granted the divorce to the parties and set aside certain property to the appellee and her four minor children. In that case we said the 1962 judgment was an agreed

judgment and denied appellant any relief. See Cocke v. Cocke, Tex.Civ.App., 382 S. W.2d 789.

It is our view that further comment by discussion of this matter would be of no precedential value.

Each of appellant's points is overruled, and the judgment of the trial court is affirmed.