George Cloyd WALLACE, Plaintiff in Error,

v.

Glendora May WALLACE, Defend-
ant in Error.

No. 43445.

Supreme Court of Oklahoma.

Oct. 12, 1971.

Raymond Burger, Oklahoma City, for plaintiff in error.

Reynolds & Foreman, Robert F. Brandenburg, Jr., Norman, for defendant in error.

BLACKBIRD, Justice:

This appeal involves an effort made in the trial court by the defendant in error, a remarried divorcee (whose surname is now "Young"), to "clarify" the amount her remarried former husband, the plaintiff in error must pay her each month out of the total sum of alimony awarded her by said court's previous decree divorcing the couple, in view of hereinafter related subsequent events. She and her former husband will be hereinafter referred to as "plaintiff" and "defendant", respectively, as they appeared in the trial court.

In the divorce decree rendered June 25, 1963, a property division was effected, which entitled plaintiff, among other things, to one-half of the proceeds of a nine-thousand-dollar promissory note held by defendant. The decree also awarded plaintiff custody of the couple's three minor children, and required defendant to pay $150.00 per month for the support of each child. The decree also awarded plaintiff alimony in the total sum of $41,650.00, to be paid in monthly installments of $350.00 each on the 15th day of each month thereafter until the entire sum was paid.

Upon defendant's subsequent delinquency in paying plaintiff her share of the above mentioned note's proceeds, as well as the monthly installments due on her alimony award, she had him cited for contempt, but, in September, 1964, before he was adjudged guilty, he obtained an order reducing his obligation for child support, and making other modifications in the decree not important here. About the same time, defendant apparently made sufficient pay-

ments of the note's proceeds, and of the alimony, that he was purged of the contempt for which he had been cited.

The next month (November, 1964) plaintiff again had defendant cited for contempt, upon her application alleging, among other things in substance, that he still owed her a balance of $2,700.00 on her share of the note's proceeds, and that her alimony payments were in arrears approximately $2,625.00. When defendant thereafter appeared before the court and plead "Not Guilty" to indirect contempt, he was released on bond and scheduled for a jury trial on the contempt charge, to be held December 10, 1964. While awaiting this trial, the parties negotiated a transaction, which was reduced to a writing entitled "ALIMONY AGREEMENT". This "Agreement", which, on that date, was filed in the case, reads as follows:

"IN THE DISTRICT COURT OF CLEVELAND COUNTY OKLAHOMA

"GLENDORA MAY WALLACE,
       Plaintiff,

-vs-

No. D–5312

GEORGE CLOYD WALLACE,
       Defendant.

## ALIMONY AGREEMENT

"This agreement made and entered into this 10th day of December, 1964, between plaintiff and defendant herein, and upon approval of the Court.

"There having been filed in the District Court of Cleveland County, State of Oklahoma, by the plaintiff, a citation for contempt against the defendant, and the same being set for trial on December 10, 1964, and there having been an agreement reached between the parties concerning this matter, and with reference to the previous order of the Court dated June 25, 1963, it is therefore agreed by and between the parties, subject to the approval of the Court that:

"For and in consideration of the payment to plaintiff by defendant of the sum of $2,000.00, plaintiff waives any further right she may have under the decree of divorce dated June 25, 1963, with reference to the one-half interest of the proceeds of the $9,000.00 note, it being agreed that this is the remainder and residue of plaintiff's interest in said note.

"Plaintiff, in further consideration of the above payment, hereby agrees that all alimony due and payable under the decree of divorce dated June 25, 1963, be extended pursuant to this agreement and she hereby requests the Court to purge defendant of his contempt as a result of the nonpayment of any alimony payments to date.

"Plaintiff further agrees that the decree of divorce dated June 25, 1963, may be modified with respect to the parties in that beginning on the 1st day of January, 1965, defendant shall pay to the plaintiff, the sum of $38,050.00 which amount represents the unpaid balance due on the alimony judgment to be paid at the rate of $250.00 per month beginning on the 1st day of January, 1965, until paid. Except that in the event that the minor child, Darrell Wallace, now residing with plaintiff becomes emancipated or obtains majority, then and in that event, defendant will continue to pay plaintiff the amount of $150.00 per month, which amount will be payment on the alimony judgment.

"It is further understood by the parties that this agreement in no way effects the order of the Court with respect to child support.

"In support of this agreement, the Court heard the testimony of the parties and finds that the matters and things contained herein are as stated, and it ap-

pearing to be the intention of the parties to consummate this agreement approves the same.

/s/ ELVIN J. BROWN
Judge of the District Court

/s/ GLENDORA MAY WALLACE
Glendora May Wallace, Plaintiff

/s/ GEORGE CLOYD WALLACE
George Cloyd Wallace, Defendant

/s/RAYMOND BURGER
Lampkin, Wolfe & Blankenship,
Attorneys for the Defendant

/s/ LESTER A. REYNOLDS
Lester A. Reynolds, Attorney
for the Plaintiff"

In accord with the terms of the above quoted instrument, defendant paid plaintiff the $2,000.00 she therein agreed to accept as the remainder due her on the promissory note; and defendant has continued to pay monthly installments of $250.00 each on the $38,050.00 therein agreed to represent the balance then remaining unpaid on the plaintiff's alimony award.

The proceedings, in which the order herein complained of was entered, began when, in September, 1968, plaintiff filed in the same divorce action a pleading entitled "MOTION TO CLARIFY ORDER". In said pleading, plaintiff recited facts concerning the above quoted Agreement, including its provision for the increase to $400.00 of the amount defendant was to pay on plaintiff's alimony award each month, beginning when the couple's youngest child, Darrell, became emancipated or reached majority; and she alleged the date of the latter would be February 20, 1970. In said motion, plaintiff further alleged that she entered into the Agreement "in order that * * * defendant not be adjudged in Contempt of Court, but given the opportunity to purge himself thereof; * * *". In the motion's last paragraph, plaintiff prayed, among other things, that the court find that "no subsequent judgment or vacation of any judgment has occurred * *"; since the original divorce decree, that

"would negate defendant's liability thereunder, * * *". After this Motion to Clarify was heard, and the court's ruling thereon was taken under advisement pending the submission of briefs, the court entered the order complained of here. The decretal portion of said order is as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED BY THE COURT that the Court was without jurisdiction to change the Decree of Divorce of June 25, 1963, and that the defendant's obligation thereunder to pay plaintiff alimony in the sum of $41,650.00 at the rate of $350.00 per month continues in full force and effect, but the plaintiff is ordered equitably estopped to cite defendant for contempt of court for failure to make such alimony payments, so long as defendant complies with the terms of the Alimony Agreement executed between the parties and approved by the Court December 10, 1964. DONE IN OPEN COURT THIS 4TH DAY OF JANUARY, 1969."

After defendant's motion for a new trial was filed and overruled, he lodged the present appeal.

Under his brief's "Proposition II", defendant contends the trial court erred in holding that, on the occasion when said court gave his written approval to the hereinbefore quoted "Alimony Agreement" on December 10, 1964, he was without jurisdiction to change the divorce decree (entered some 18 months previously) and (accordingly) that defendant's obligation to pay plaintiff's alimony award at the rate of $350.00 per month continues in full force and effect. It is defendant's position that, since both parties appeared in court on that day "and urged modification" of the alimony award to the extent shown in said "Agreement", neither party could thereafter complain of the trial court's "lack of authority * * * in giving judicial sanction to the intent of the parties", citing 17 Am.Jur., "Divorce and Separation", § 733 (§ 670 under same heading in 24 Am.Jur. 2d). Defendant denies that Canada v. Can-

ada, 190 Okl. 203, 121 P.2d 989, relied on by plaintiff, applies to the facts surrounding the action taken by the court in the present case on that December, 1964 date.

The Canada case involved a motion, filed after the term in which a divorce decree was entered, by a plaintiff-husband to modify the decree's alimony award on the basis of "circumstances thereafter arising * * *". There, we held that the award could not be increased, or decreased, on such a motion; and we further held that this rule applied to changing the amount of the monthly payments on, as well as the total sum of, the alimony award. In that case, however, the matter was not brought before the court upon an agreement, or concerted effort, of both parties, as here.

Although our attention has been directed to no Oklahoma decision concerning the power of a divorce court to modify a previous award of alimony, based upon the agreement of the parties thereto (see the annotations on this subject at 58 A.L.R. 639, 109 A.L.R. 1068, and 166 A.L.R. 675), it is plain from our decision in In Re Pugh's Estate, Okl., 281 P.2d 937 (cited in the annotation at 3 A.L.R.3d 1216, 1218), that such a court's jurisdiction to vacate a divorce decree after the term in which it was entered may be invoked by the joint effort of the parties, even though they allege no statutory grounds for such vacation. And we think that the court's power or jurisdiction to reconsider vacation of a whole decree includes the lesser power to consider vacation or modification of any of its parts, *upon the joint application of the parties*. As it is our opinion that from what appears in the record as to the joint appearances before the trial court on December 10, 1964, of the parties to this case, they may be regarded as having jointly applied, or petitioned, the court to exercise such jurisdiction, we hold that the trial court erred by determining in the judgment herein complained of that (on that date) it "was without jurisdiction to change the Decree of Divorce of June 25, 1963", as was apparently contemplated in the plain

wording of the hereinbefore quoted writing or "Agreement" the parties filed when they appeared before that court on that date. We do not decide whether the court did exercise its jurisdiction to modify the decree, or whether plaintiff was estopped to claim that it had, when her motion to clarify was heard almost four years later.

All we have determined herein is that the trial court erred in adjudging that it was without jurisdiction to consider a change, or modification, of the divorce decree of June 24, 1963, when the parties jointly appeared before it on December 10, 1964. Having so concluded, we find it unnecessary to discuss other arguments presented in the parties' briefs.

The order and/or judgment appealed from overruling defendant's motion for a new trial is hereby reversed, and this cause is remanded to the trial court with directions to grant defendant a new trial and proceed in accord with the views herein expressed.

All the Justices concur.