658 P.2d 189

## In the Matter of the ESTATE OF Abe BROTHER, Deceased.

**Sally BROTHER, Personal Representative of the Estate of Abe Brother, Deceased, Petitioner/Appellee,**

v.

**Melvin G. BROTHER, Respondent/Appellant.**

**No. 2 CA–CIV 4338.**

Court of Appeals of Arizona, Division 2.

July 23, 1982.

Rehearing Denied Oct. 8, 1982.

Review Denied Jan. 7, 1983.

Elmer W. Courtland, Tucson, for petitioner/appellee.

Ettinger & Deckter, P.C. by Louis L. Deckter, Tucson, for respondent/appellant.

## OPINION

BIRDSALL, Judge.

This appeal is from an order of the probate court appointing the appellee as personal representative of the decedent. The order was based upon a finding that the appellee was the surviving spouse of the decedent and therefore had priority over the appellant, an heir,[1] for appointment as personal representative. A.R.S. § 14–3203(A).

The decedent and the appellee were married on May 8, 1978. That marriage was dissolved by a decree of dissolution entered on April 18, 1979. Almost eight months

---

1. *The record strongly suggests that the appellant is actually a devisee, not an heir, and would have priority regardless of whether the appellee is a surviving spouse, since the appel*lee is *not* a devisee. *See* A.R.S. § 14–3203(A)(2), (3), (4). That point, however, is not raised on appeal. We therefore accept the appellant's apparent concession that he is an heir.

later, on December 11, 1979, the decedent and the appellee jointly petitioned for an order vacating the decree of dissolution. The requested order was issued on the date of that petition. The decedent died on August 30, 1981, leaving a will executed in 1946.

On September 16, 1981, the appellant filed an application for informal probate and appointment as personal representative. The appellee filed her petition seeking appointment on the following day. The court ordered the appointment of the appellee, as the surviving spouse, despite the appellant's claim that the order vacating the decree of dissolution was void for lack of jurisdiction. The appellant renews that claim here.

The precise question presented here is whether the court in a marriage dissolution proceeding has jurisdiction to vacate a decree of dissolution upon joint application of the parties. This question appears to be one of first impression in Arizona, although it has been passed upon by the courts of several other states. *See* Annot. "Court's Power to Vacate Decree of Divorce or Separation upon Request of Both Parties," 3 A.L.R.3d 1216 (1965).

■ Before examining the cases from other jurisdictions, we will address statutory claims raised by the appellant. He contends that jurisdiction to vacate a dissolution decree is foreclosed by A.R.S. § 25–325(A):

"A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal. An appeal from the decree of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of that provision of the decree which dissolves the marriage beyond the time for appealing from that provision, and either of the parties may remarry pending appeal."

We do not read this provision to deprive the court of jurisdiction over the portion of the decree that dissolves the marriage relationship. The obvious purpose of this statute is to remove the one-year prohibition upon remarriage imposed by its predecessor, former A.R.S. § 25–320, and allow the parties to marry during the pendency of an appeal.

The other statute relied upon by the appellant is A.R.S. § 14–2802(A):

"A person who is divorced from the decedent or whose marriage to the decedent has been dissolved or annulled is not a surviving spouse unless, by virtue of a subsequent marriage, he is married to the decedent at the time of death. A decree of legal separation which does not terminate the status of husband and wife is not a divorce or dissolution of marriage for purposes of this section."

Reliance upon this statute obviously begs the ultimate question. If the court did have jurisdiction to enter its order, then there has, for all legal purposes, been no dissolution to call the statute into play.

■ Turning now to the cases from other jurisdictions, we find a division of authority on the present question. By far the greater number of courts have granted recognition to orders vacating divorce decrees, entered upon joint application of the parties. In New York, Kentucky, Arkansas and Mississippi, however, the practice is authorized by statute. There being no such statute in Arizona, we disregard those states' cases. An Iowa decision, *Staples v. Staples,* 238 Iowa 229, 26 N.W.2d 334 (1947) rests entirely upon the estoppel of a party to question the validity of an order where he has actively participated in obtaining it. Although the same rule exists in Arizona, *See Blair v. Blair,* 48 Ariz. 501, 62 P.2d 1321 (1936), it does not apply here, since the appellant played no part in obtaining the disputed order. We therefore eschew reliance upon *Staples.*

Decisions in Colorado and Texas also rest in part upon the estoppel principle just mentioned, but also hold that the court has jurisdiction to vacate a divorce decree upon joint application of the parties. *See Githens v. Githens,* 78 Colo. 102, 239 P. 1023, 43 A.L.R. 547 (1925); *Campbell v. Campbell,* 362 S.W.2d 904, 3 A.L.R.3d 1206 (Tex.Civ. App.1962). *Githens,* in fact, holds that the

law's disfavor of divorce is so powerful that the parties were entitled to have their divorce annulled over thirteen years after entry of the decree, despite a general prohibition upon reopening judgments more than six months after the expiration of the term of the rendering court. To the same effect is *Breinig v. Breinig,* 26 Pa. 161 (1856), in which the court stated that, if the divorced parties wish the divorce set aside, the "sentence" should be "suspended or annulled without hesitation."

In a case quite similar to the instant case, *In re Pugh's Estate,* 281 P.2d 937 (Okl.1955), the Supreme Court of Oklahoma flatly stated, with little discussion, that a petition requesting that a divorce judgment be vacated was properly entertained, and the requested relief properly granted, even though the rendering court's term had expired. The authority cited for that conclusion was an earlier Oklahoma case, an annotation at 43 A.L.R. 549 (superseded by the annotation cited above) and 27 C.J.S. Divorce § 168. The last authority's summary of law, now at Vol. 27A § 169(d), states:

"On proper application to the court, a divorce decree may be vacated or set aside if the parties consent to such vacation or become reconciled."

Cases cited in support of that proposition include several in which annulment of the decree was obtained and sustained over objection of one of the parties. *See Burton v. Burton,* 157 Cal.App.2d 369, 320 P.2d 910 (1958); *Darden v. Darden,* 246 Ala. 525, 21 So.2d 549 (1945); *Jordan v. Jordan,* 105 Colo. 171, 96 P.2d 13 (1939).

The Oklahoma court repeated its *Pugh* holding in *Wallace v. Wallace,* 490 P.2d 749 (Okl.1971). The real issue in *Wallace* was not the same as the issue here or in *Pugh,* but the validity of the *Pugh* holding was essential to the *Wallace* result.

Cases generally in support of an opposite view are *Meyer v. Meyer,* 409 Ill. 316, 99 N.E.2d 137 (1951); *Shane v. Hackney,* 341 Mich. 91, 67 N.W.2d 256 (1954); and *Sapp v. Sapp,* 34 Ohio CD 652, 14 Ohio CC NS 269 (1909). In each of those cases, it was held that the divorce court lacked jurisdiction to vacate the divorce decree involved, even upon joint application of the parties. Close scrutiny of those cases, however, reveals that they turned upon points of law not pertinent in Arizona, and that the reasoning of two of them would lead to a different conclusion in this state.

A Michigan statute applied in *Shane v. Hackney, supra,* for instance, required the decree to be vacated by the same judge who had rendered it. There is no such statute in Arizona.

In *Sapp v. Sapp,* the Ohio court relied upon that state's law that the decree of absolute divorce (or at least the portion thereof dissolving the marriage) was not subject to appellate review. The court reasoned that entry of the decree therefore severed the marriage relationship *eo instanti,* so that not even the parties' joint request could empower the court to restore it.

This reasoning would lead to the opposite conclusion here. A.R.S. § 25–325 clearly indicates that the finding that the marriage is irretrievably broken may be reviewed on appeal. By implication, therefore, the appellate court must have the power, upon discovering clear error in that finding, to vacate the decree. It is difficult to imagine why the trial court should not possess the same power when a reconciliation of the parties has demonstrated that the finding essential to the decree—that the marriage was irretrievably broken—was erroneous.

In *Meyer v. Meyer, supra,* the Illinois court ruled that the parties could not have their divorce decree vacated 30 days after it became effective. The important point, however, was that under Illinois law a divorce decree became effective upon expiration of the term of the rendering court. The primary basis for ruling, therefore, was that the petition had not been brought within the time limit generally applicable to reopening judgments.

The concept of court "terms," of course, is foreign to Arizona. The closest analog in our law is the six-month time limit for motions seeking relief from final judgments under parts (1), (2) and (3) of Rule 60(c),

Arizona Rules of Civil Procedure, 16 A.R.S. In this case, however, the parties' petition was recognizable as a motion for relief under Rule 60(c)(6), "for any other reason justifying relief from a final judgment."[2] That portion of Rule 60(c) is not subject to the six-month time limit. The petition, then, was brought within the time limit generally applicable to reopening judgments, and the reasoning of *Meyer* would result in a conclusion different from the actual result in that case.

Two Minnesota cases, *Gustafson v. Gustafson,* 178 Minn. 1, 226 N.W. 412 (1929) and *Bakula v. Bakula,* 186 Minn. 488, 243 N.W. 703 (1932), indicate that a decree of limited divorce, the rough equivalent of legal separation, may be set aside upon joint petition but a decree of absolute divorce may not. These cases turn upon interpretation of a statute having no Arizona counterpart, and will be ignored.

For the reasons set forth in the discussion above, we believe Arizona law to be most consistent with the view that the court has jurisdiction to vacate a decree of dissolution jointly addressed by the parties to the discretion of the court. The law of this state has repeatedly recognized jurisdiction to amend or vacate even those portions of a decree not dealing with support or property division. *See Blair v. Blair, supra; Srock v. Srock,* 11 Ariz.App. 483, 466 P.2d 34 (1970). We note in particular that a court vacating a default decree (and whose power to do so has not seriously been questioned) is actually exercising jurisdiction identical to that which the appellant denies. We find no error in the probate court's recognition of the challenged order.

The appellant also alleges that the court in the dissolution proceeding violated the principle of the First Amendment's establishment clause by recognizing the parties' religious convictions as a basis for vacating the decree. Instead of simply remarrying, the parties sought relief from the decree because they had allegedly been informed that their divorce would not be recognized by their church, so they could not be remarried in a religious ceremony. Without passing upon the appellant's argument, we note that the petition also alleged secular grounds for relief, so we do not know that the order was granted on religious grounds. More important, however, the appellant's argument, even if accepted, would indicate only that the order was erroneous, not void. With only a few exceptions,[3] constitutional error is not jurisdictional and does not render a judgment or order void.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

---

**2.** The appellant has argued that the reasons advanced in the petition were not sufficiently extraordinary to entitle the parties to relief. This argument goes to an issue not before us— whether the court abused its discretion by granting the requested relief. As did the Texas court in *Campbell v. Campbell, supra,* we must point out that the question here is not whether the order would withstand a direct attack by appeal or otherwise, but whether the court had jurisdiction to enter the requested order for *any* reason that might have been advanced in the petition.

**3.** *See,* e.g., *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), as applied in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).